CONFORM

1  KEVIN D. RISING (SBN 211663)
   Kevin.Rising@btlaw.com
2  LEVI W. HEATH (SBN 220854)
   Levi.Heath@btlaw.com
3  DEVIN STONE (SBN 260326)
   Devin.Stone@btlaw.com
4  **BARNES & THORNBURG LLP**
   2049 Century Park East, Suite 3550
5  Los Angeles, CA 90067
   Telephone:   (310) 284-3880
6  Facsimile:   (310) 284-3894

7  Attorneys for Defendant
   DEFENDER SECURITY COMPANY
8



FILED
CLERK U.S. DISTRICT COURT

AUG 24 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12
    KAMI BROWN, on Behalf of Herself and      Case No.  CV12-07319 (CAS(PJW x)
13  All Others Similarly Situated,
                                              **NOTICE OF REMOVAL OF**
14                 Plaintiff,                 **ACTION PURSUANT TO 28 U.S.C. §**
                                              **1441(b)**
15        v.

16  DEFENDER SECURITY COMPANY
    d/b/a DEFENDER DIRECT, INC. and
17  PROTECT YOUR HOME; and DOES 1
    through 100, inclusive,
18
                   Defendants.
19

20

21

22

23

24

25

26

27

28

1 | **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

2 | **THE CENTRAL DISTRICT OF CALIFORNIA:**

3 |      **PLEASE TAKE NOTICE** that Defendant Defender Security Company d/b/a

4 | Defender Direct, Inc. and Protect Your Home ("Defender") hereby removes to this

5 | Court, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.*, the

6 | state court action described below.  In support thereof, Defender states as follows:

7 |      1.     On July 25, 2012, Plaintiff Kami Brown commenced this putative class

8 | action in the Superior Court of the State of California, County of Los Angeles, entitled

9 | *Kami Brown v. Defender Security Company d/b/a Defender Direct, Inc. and Protect*

10 | *Your Home*, Case No. BC489024 (the "Class Action").  Plaintiff served Defender with

11 | the Summons and Class Action Complaint for Statutory Damages and Injunctive Relief

12 | ("Complaint") on July 26, 2012.  Pursuant to 28 U.S.C. § 1446(a), a true and correct

13 | copy of the Summons and Complaint are attached hereto as Exhibit A.

14 |      2.     As explained below, the Class Action is one that may be removed to this

15 | Court by Defender pursuant to 28 U.S.C. § 1441(b) because Defender has satisfied the

16 | procedural requirements for removal and this Court has subject matter jurisdiction over

17 | this action pursuant to 28 U.S.C. § 1332(d).

18 |

19 | **I.**

20 | **DEFENDER HAS SATISFIED THE**

21 | **PROCEDURAL REQUIREMENTS FOR REMOVAL**

22 |      3.     Defender is the only named defendant in the Class Action.

23 |      4.     Plaintiff served Defender with the Summons and Complaint on July 26,

24 | 2012.  Thus, Defender's Notice of Removal is timely because it is filed within 30 days

25 | of the date of service.  *See* 28 U.S.C. § 1446(b).

26 |

27 |

28 |

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. § 1441(b)

5.     Venue lies in the United States District Court for the Central District of California because the Class Action was filed by plaintiff, and is now pending, in this judicial district.  *See* 28 U.S.C. § 1446(a).

6.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Defender, which papers include the Summons and Complaint, are attached hereto as Exhibit "A."

7.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff and a copy is being filed with the clerk of the Superior Court of the State of California, County of Los Angeles.

## II.
## REMOVAL IS PROPER BECAUSE THIS
## COURT HAS SUBJECT MATTER JURISDICTION

8.     The Class Action is a civil action over which this Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005) (codified at 28 U.S.C. §§ 1332(d), 1453, 1711-1715).  Pursuant to CAFA, federal courts have original jurisdiction over a class action if: (i) it involves 100 or more putative class members; (ii) any class member is a citizen of a state different from any defendant, and (iii) the aggregated controversy exceeds $5,000,000, exclusive of interests and costs.  *See* 28 U.S.C. § 1332(d).

9.     As set forth below, this is a putative class action in which, as alleged: (i) there are more than 100 members in plaintiff's proposed class; (ii) the plaintiff has a different citizenship from Defender – the sole named defendant; and (iii) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate, exclusive of interest and costs.  Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

1  **A.     This is a Class Action Consisting of More Than 100 Members.**

2       10.    The putative class upon whose behalf the Class Action is alleged to be

3  brought is defined as follows:

4           All California residents who, at any time during the one-year

5           period of time preceding the filing of the original Complaint

6           and until said practice is terminated, participated in one or

7           more inbound and/or outbound telephone conversations with

8           employees, agents, or representatives of DEFENDER and

9           whose calls were recorded by DEFENDER and did not receive

10          a warning at the outset of the call that the telephone

11          conversation was recorded.

12  Complaint, ¶ 19.

13       11.    Here, Defender is aware that during the one-year period of time preceding

14  the filing of the Complaint, Defender received inbound calls from more than 100 people

15  with California telephone numbers.  Declaration of Misti Simpson ("Simpson Decl."), ¶

16  4. Defender also directed outbound calls to more than 100 people with California

17  telephone numbers during the same time period.  *Id.*  Accordingly, the proposed class

18  will greatly exceed 100 members.  Indeed, plaintiff has alleged that the proposed class

19  will exceed 100 members.  Complaint, ¶ 23.

20  **B.     The Diversity of Citizenship Requirement is Satisfied.**

21       12.    Plaintiff is an individual who resides in the State of California.  Complaint,

22  ¶ 7.

23       13.    Defender is not a citizen of California.  It is incorporated in the State of

24  Indiana.  Simpson Decl., ¶ 2.  Indiana is also where Defender has its principal place of

25  business.  The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) &

26  (d)(2)(A) refers to the place where a corporation's high level officers direct, control and

27  coordinate the corporation's activities, i.e., its "nerve center," which will typically be

28

1   found at its corporate headquarters. *See Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192-93

2   (2010). Defender's headquarters where its high level officers direct, control, and

3   coordinate the corporation's activities is located in Indiana. Simpson Decl., ¶ 2.

4   Accordingly, for removal purposes, Defender is a citizen of the State of Indiana, not

5   California. The requisite diversity of citizenship therefore exists. *See* 28 U.S.C. §

6   1332(c)(1) & (d)(2)(A).[1]

7   **C.   The Amount In Controversy Requirement is Satisfied.**

8       14.   As noted, the putative class is alleged to consist of California residents who

9   participated in one or more inbound and/or outbound telephone conversations with

10  employees, agents, or representatives of Defender that were recorded, but who did not

11  receive a warning that their conversation was being recorded. Complaint, ¶ 19.

12      15.   Plaintiff alleges that she participated in two such telephone calls with

13  Defender (one where she used a cellular telephone) and that at no point during the calls

14  was she informed that the conversation was being recorded. Complaint, ¶¶ 13-14. She

15  alleges further that her "claims are typical of the other Class members because Plaintiff,

16  like every other class member, was exposed to virtually identical conduct." Complaint,

17  ¶ 27. Indeed, plaintiff alleges that "Defendant systematically recorded all inbound

18  and/or outbound telephone conversations without warning all parties to these

19  confidential communications that the conversations were recorded, in violation of the

20  privacy rights of the Plaintiff and the Class." *Id.*

21      16.   Based upon these allegations, plaintiff brings claims against Defendant for

22  violation of California Penal Code sections 632 and 632.7 (the "California Privacy

23  Act"). Complaint, ¶¶ 31-46.

24

25

26

27       [1] Plaintiff has named "Does 1 through 100" as defendants. Pursuant to 28 U.S.C. § 1441(a), "the citizenship of defendants sued under fictitious names shall be disregarded 'for purposes of removal.'"

28

17.    California Penal Code section 637.2 provides for civil penalties for violation of the California Privacy Act, as follows:

> Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts: (1) Five thousand dollars ($5,000).    (2) Three times the amount of actual damages, if any, sustained by the plaintiff.

Cal. Pen. Code § 637.2(a).  Accordingly, under plaintiff's theory, if there were more than 1,000 violations of the statute during the relevant time period, the amount in controversy would exceed $5,000,000.

18.    Here, there are known to have been over 1,000 inbound calls to Defender from California telephone numbers from July 25, 2011 to July 24, 2012.  Simpson Decl., ¶ 4.  Similarly, there are known to have been over 1,000 outbound calls directed by Defender to California telephone numbers during the same period.  *Id.*

19.    Assuming, as she alleges, that plaintiff is "typical" of the putative class, and because the number of telephone conversations between Defender and the putative class during the relevant time period exceeds 1,000, the potential damages in this case alone exceed $5,000,000.[2]  Moreover, Plaintiff also seeks attorney fees pursuant to California Code of Civil Procedure section 1021.5, which would increase the amount in controversy.

20.    Based upon the foregoing, it is certain that the jurisdictional amount in controversy requirement is met, and removal to this Court is proper under CAFA.

---

[2] As set forth in the attached Declaration of Misti Simpson, there are known to have been over 1,000 inbound calls from California telephone numbers and over 1,000 outbound calls to California telephone numbers during the relevant time period.  Assuming, as plaintiff alleges, that each of these calls violated the California Privacy Act, plaintiff's alleged damages are at least $10,000,000 – double the statutory minimum for removal under CAFA.

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. § 1441(b)

1       **WHEREFORE**, Defender hereby removes the Class Action from the Superior

2 Court of the State of California, County of Los Angeles, to this Court, pursuant to 28

3 U.S.C. § 1441(b).

4

5 Dated: August 24, 2012                   Kevin D. Rising
Levi W. Heath

6                                   Devin Stone
**BARNES & THORNBURG LLP**

7

8

9 By_____
                            Levi W. Heath

10                       Attorneys for Defendant
           DEFENDER SECURITY COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. § 1441(b)

# Exhibit A

**Exhibit A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 25 2012

John A. Clarke, Executive Officer/Clerk

BY _A. Flores_, Deputy
Mary Flores

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DEFENDER SECURITY COMPANY d/b/a DEFENDER DIRECT, INC and PROTECT YOUR HOME; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KAMI BROWN, on Behalf of Herself and All Others Similarly Situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court, 111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número de caso):*<br>BC489024 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Zev B. Zysman, LAW OFFICES OF ZEV B. ZYSMAN, 15760 Ventura Blvd., Ste. 1915, Encino, CA 91436

| DATE:<br>*(Fecha)* JUL 25 2012 John A. CLARKE | Clerk, by<br>*(Secretario)* Mary Flores | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Defender Security Company d/b/a Defender Direct Inc., and Protect Your Home

   under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [X] by personal delivery on *(date):* 7/26/12

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 25 2012

John A. Clarke, Executive Officer/Clerk

BY_____, Deputy
Mary Flores

1  INITIATIVE LEGAL GROUP APC
   Jordan L. Lurie (SBN 130013)
2  JLurie@InitiativeLegal.com
   Sue J. Kim (SBN 256392)
3  SKim@InitiativeLegal.com
   Arvin Ratanavongse (SBN 257619)
4  ARatanavongse@InitiativeLegal.com
   1800 Century Park East, 2nd Floor
5  Los Angeles, CA 90067
   Telephone:    (310) 556-5637
6  Facsimile:    (310) 861-9051

7  LAW OFFICES OF ZEV B. ZYSMAN
   Zev B. Zysman (SBN 176805)
8  zev@zysmanlawca.com
   15760 Ventura Boulevard, Suite 1915
9  Encino, CA 91436
   Telephone:    (818) 783-8836
10 Facsimile:    (818) 783-9985

11 *Attorneys for Plaintiff and*
   *the Proposed Class*

12

13

14

15         SUPERIOR COURT OF THE STATE OF CALIFORNIA

16              FOR THE COUNTY OF LOS ANGELES

17

18 KAMI BROWN, on behalf of Herself and All    ) Case No:   **BC 489 024**
   Others Similarly Situated,                  )
19                                             ) **CLASS ACTION**
                Plaintiff,                     )
20                                             ) **COMPLAINT FOR:**
        v.                                     )
21                                             )
   DEFENDER SECURITY COMPANY d/b/a             ) **STATUTORY DAMAGES AND**
22 DEFENDER DIRECT, INC. and PROTECT           ) **INJUNCTIVE RELIEF**
   YOUR HOME; and DOES 1 through 100,          )
23 inclusive,                                  )
                                               ) **DEMAND FOR JURY TRIAL**
24                                             )
                Defendants.                    )
25                                             )
                                               )
26 _____)

27

28

   CLASS ACTION COMPLAINT

1 | INITIATIVE LEGAL GROUP APC
Jordan L. Lurie (SBN 130013)
2 | JLurie@InitiativeLegal.com
Sue J. Kim (SBN 256392)
3 | SKim@InitiativeLegal.com
Arvin Ratanavongse (SBN 257619)
4 | ARatanavongse@InitiativeLegal.com
1800 Century Park East, 2nd Floor
5 | Los Angeles, CA 90067
Telephone:    (310) 556-5637
6 | Facsimile:    (310) 861-9051

7 | LAW OFFICES OF ZEV B. ZYSMAN
Zev B. Zysman (SBN 176805)
8 | zev@zysmanlawca.com
15760 Ventura Boulevard, Suite 1915
9 | Encino, CA 91436
Telephone:    (818) 783-8836
10 | Facsimile:    (818) 783-9985

11 | *Attorneys for Plaintiff and
the Proposed Class*

12

13

14

15

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

16

17

| | |
|---|---|
| KAMI BROWN, on Behalf of Herself and All Others Similarly Situated, | Case No: |
| | **CLASS ACTION** |
| Plaintiff, | |
| | **COMPLAINT FOR:** |
| v. | |
| DEFENDER SECURITY COMPANY d/b/a DEFENDER DIRECT, INC. and PROTECT YOUR HOME; and DOES 1 through 100, inclusive. | **STATUTORY DAMAGES AND INJUNCTIVE RELIEF** |
| | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1   Plaintiff Kami Brown ("Plaintiff"), brings this action against defendant Defender Security

2   Company d/b/a Defender Direct, Inc. and Protect Your Home ("DEFENDER" or "Defendant")

3   and Does 1-100 on behalf of herself, and all others similarly situated, upon information and

4   belief, except as to her own actions, the investigation of her counsel, and the facts that are a

5   matter of public record, as follows:

6                                   **INTRODUCTION**

7       1.     This class action arises out of Defendant's unlawful recording of Plaintiff's and

8   the Class Members' telephone conversations without first obtaining caller consent in violation of

9   California's Invasion of Privacy Act, California Penal Code § 630, *et seq*.  As alleged herein,

10  Defendant has a policy and practice of intentionally and surreptitiously recording all telephone

11  conversations without prior notice or consent

12      2.     Specifically, Defendant's acts and practice violate Penal Code § 632, which

13  prohibits the recording of confidential communications made by telephone without the consent of

14  all parties to the communication, and Penal Code § 632.7, which prohibits the recording of any

15  communication made from a cellular or cordless telephone without the consent of all parties to

16  the communication.  Penal Code §§ 632 and 632.7 are violated the moment the recording is made

17  without the consent of all parties thereto, regardless of whether it is subsequently disclosed.  The

18  only intent required is that the act of recording itself be done intentionally.  There is no requisite

19  intent on behalf of the party doing the surreptitious recording to break California law, or to

20  invade the privacy rights of any other person.

21      3.     Plaintiff does not seek any relief greater than or different from the relief sought for

22  the Class of which Plaintiff is a member.  If successful, this action will enforce an important right

23  affecting the public interest and will confer a significant benefit, whether pecuniary or non-

24  pecuniary, on a large class of persons.  Private enforcement is necessary and places a

25  disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in this matter.

26  ///

27  ///

28  ///

CLASS ACTION COMPLAINT                          1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the cause of actions asserted herein pursuant to Article VI, § 10 of the California Constitution, California Penal Code §§ 632, 632.7 and 637.2.  In the aggregate, the damages caused to the members of the Class as defined below exceed the jurisdictional minimum of this Court, but neither the Plaintiff nor any member of the Class individually has suffered damages of, at least, $75,000.

5. This Court has jurisdiction over the Defendant named herein because Defendant does sufficient business in California, has sufficient minimum contacts with California or otherwise intentionally avails itself of the markets within California through its sales, advertising and marketing to render the exercise of jurisdiction by California courts and the application of California law to the claims of the Plaintiff permissible under traditional notions of fair play and substantial justice.  Further, there is no federal question at issue as the claims herein are based solely on California law.

6. Venue is proper in this Court since, as detailed below, the named Plaintiff is a resident of this County, a substantial number of Defendant's acts occurred in this County, and Defendant received substantial compensation from sales of its products and services in this County by doing business here.  Thus, as to the named Plaintiff and other Class members, certain liability of the Defendant arose in part in this County.

### THE PARTIES

A. **Plaintiff**

7. Plaintiff Kami Brown (herein referred to as "Plaintiff") is a resident of Los Angeles County, California.   It is alleged that during May 2012, Plaintiff had telephonic communications with certain employees, agents and/or representatives of Defendant.  Plaintiff is informed and believes and thereon alleges, that each of these conversations were recorded by Defendant, causing harm and damage to Plaintiff.

B. **Defendant**

8. Defendant Defender Security Company (herein referred to as "DEFENDER") is an Indiana corporation, with its principal place of business located at 3750 Priority Way South

---

CLASS ACTION COMPLAINT     2

1  Drive, Indianapolis, Indiana.  DEFENDER operates under the names Protect Your Home and

2  Defender Direct, Inc.  DEFENDER is the #1 authorized dealer of ADT Security Services in the

3  residential security market and one of the top five DISH Network and General Electric Security

4  dealers in the United States.  DEFENDER markets, sells, and installs new home security systems

5  and satellite TV services in 40 US states, as well as in Canada.  DEFENDER employs more than

6  1,700 individuals in 50 states with over 120 branch offices nationwide.  In September 2011,

7  DEFENDER was named 194 on the InformationWeek 500, an annual listing of the nation's most

8  innovative users of business technology.  Plaintiff is informed and believes, and based thereon

9  alleges, that DEFENDER owns and operates call centers located in the United States.  Plaintiff is

10  informed and believes, and based thereon alleges, that DEFENDER's employees, agents, and

11  representatives at these call centers are directed, trained and instructed to, and do, record all

12  incoming and outgoing calls to prospective customers, including residents of California.

13  **C.     Doe Defendants**

14       9.     The true names and capacities of Defendants sued in this Complaint as Does 1

15  through 100, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants

16  by such fictitious names.  Plaintiff will amend this Complaint to reflect the true names and

17  capacities of the Defendants designated herein as Does 1 through 100 when such identities

18  become known.

19  **D.     Agency/Aiding And Abetting**

20       10.     At all times herein mentioned, Defendants, and each of them, were an agent or

21  joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting

22  within the course and scope of such agency.  Each Defendant had actual and/or constructive

23  knowledge of the acts of each of the other Defendants, and ratified, approved, joined in,

24  acquiesced and/or authorized the wrongful acts of each co-defendant, and/or retained the benefits

25  of said wrongful acts.

26       11.     Defendants, and each of them, aided and abetted, encouraged and rendered

27  substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the

28  class, as alleged herein.  In taking action, as particularized herein, to aid and abet and

---

CLASS ACTION COMPLAINT                    3

1    substantially assist the commissions of these wrongful acts and other wrongdoings complained

2    of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that

3    its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful

4    goals, and wrongdoing.

5         12.     All allegations in this Complaint are based on information and belief and/or are

6    likely to have evidentiary support after a reasonable opportunity for further investigation or

7    discovery. Whenever allegations in this Complaint are contrary or inconsistent, such allegations

8    shall be deemed alternative.

9         **CONDUCT GIVING RISE TO THE VIOLATIONS OF THE LAW**

10       **A.**     **Plaintiff's Contact with Defendant**

11        13.     On or around May 3, 2012, Plaintiff called the toll free telephone number for

12    Protect Your Home printed on an advertisement for a promotional offer for ADT Security

13    Services disseminated by DEFENDER. Plaintiff is informed and believes, and based thereon

14    alleges, that the telephone number connected Plaintiff to a call center which is owned and

15    operated by DEFENDER. During the telephone call with employees, agents, or representatives

16    of DEFENDER, Plaintiff shared personal information, including but not limited to her first and

17    last name and ZIP code. At no point during this inbound call was Plaintiff ever informed that her

18    call was being recorded. At no time did Plaintiff give her consent for the telephone call to be

19    recorded.

20        14.     Thereafter, on or around May 4, 2012, Plaintiff received an outbound telephone

21    call on her cellular telephone from a call center which Plaintiff is informed and believes, and

22    based thereon alleges, is owned and operated by DEFENDER. During that outbound

23    conversation with employees, agents, or representatives of DEFENDER, Plaintiff revealed

24    personal and confidential information, including but not limited to her first and last name, full

25    residential address, date of birth and social security number. At no point during this outbound

26    call was Plaintiff ever informed that her call was being recorded. At no time did Plaintiff give

27    her consent for the telephone call to be recorded.

28

---

CLASS ACTION COMPLAINT         4

**B.**   **Defendant's Conduct Violated Penal Code § 630 *et seq.***

15.   Plaintiff is informed and believes and thereon alleges, that Defendant recorded each of these inbound and outbound telephone conversations. Defendant failed to verbally warn Plaintiff, at the outset of each telephone conversation, of Defendant's intent to record the conversation. Defendant failed to provide an automated, pre-recorded warning or a periodically repeated, audible "beep tone" or other sound throughout the duration of each such call to warn Plaintiff that the conversation was being recorded. Because Defendant failed to warn Plaintiff at the outset of these telephone conversations that the call was being recorded, Plaintiff was deprived of the ability to either decline to participate in a recorded call, refuse to provide confidential information for which she had an objectively reasonable expectation of privacy or modify the tone or speech to account for the fact that the conversation is being recorded. Plaintiff did not provide Defendant with consent to record these telephone conversations.

16.   Plaintiff is further informed and believes and thereon alleges, that during the Class Period, Defendant has utilized certain computer hardware and software technology ("Call Recording Technology") to execute a company-wide policy and practice of recording all inbound and outbound telephone conversations with consumers.

17.   Plaintiff is further informed and believes and thereon alleges, that Defendant installed and/or utilized Call Recording Technology on all of its consumer-facing telephone lines. This Call Recording Technology enabled Defendant to record all of its telephone conversations with consumers, and allowed them to store these recordings for various business purposes.

18.   Plaintiff is further informed and believes and thereon alleges, that Defendant's employees, agents, and representatives were directed, trained, and instructed to, and did record inbound and outbound conversations with consumers, without the knowledge or consent of consumers.

///
///
///
///

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

19.     This lawsuit is brought on behalf of an ascertainable statewide Class consisting of the following (the "Class"):

> All California residents who, at any time during the one-year period of time
>
> preceding the filing of the original Complaint and until said practice is terminated,
>
> participated in one or more inbound and/or outbound telephone conversations with
>
> employees, agents, or representatives of DEFENDER and whose calls were
>
> recorded by DEFENDER and did not receive a warning at the outset of the call
>
> that the telephone conversation was recorded.

20.     Excluded from the Class is Defendant, its corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the legal representatives, successors or assigns of any such excluded persons or entities.

21.     Plaintiff reserves the right to amend or otherwise alter the Class definition presented to the Court at the appropriate time, or propose or eliminate subclasses, in response to facts learned through discovery, legal argument advanced by Defendant, or otherwise.

22.     This action has been brought and may properly be maintained as a class action pursuant to California Code of Civil Procedure § 382, and case law thereunder, to which the California trial courts have been directed by the California Supreme Court to look for guidance.

23.     The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff estimates that there are more than 100 persons. Moreover, Plaintiff alleges that the precise number of Class members and their location can be ascertained though appropriate discovery and Defendant's own records. This information may then be used to contact potential Class members.

24.     There is a well-defined community of interest in the questions law and fact affecting the parties represented in this action.

CLASS ACTION COMPLAINT                          6

25.    Common questions of law and fact exist as to all members of the Class.  These common questions predominate over the questions affecting only individual members of the Class.

26.    Among the questions of law and fact common to the Class are, *inter alia*:

a.    Whether Defendant had a policy and practice of recording all inbound and/or outbound telephone conversations with consumers;

b.    Whether Defendant installed Call Recording Technology to implement its policy of recording all inbound and/or outbound telephone conversations with consumers;

c.    Whether Defendant's employees, agents, or representatives were directed, trained, and instructed to, and did, record all of the Defendant's inbound and/or outbound telephone conversations with consumers in order to implement the Defendant's policy and practice of recording all telephone conversations with consumers;

d.    Whether Defendant's policy and practice of recording all inbound and/or outbound telephone conversations with consumers included a policy and practice of warning Class members, including the Plaintiff, at the outset of each recorded telephone conversation that the telephone conversation was recorded;

e.    Whether Defendant failed to warn Class members who participated in an inbound and/or outbound telephone conversation with the Defendant that the telephone conversation was recorded;

f.    Whether Defendant's recording of Plaintiff's and Class members' inbound and/or outbound telephone conversations without warning constitutes violations of California Penal Code § 632;

g.    Whether Defendant's recording of Plaintiff's and Class members' inbound and/or outbound telephone conversations without warning constitutes violations of California Penal Code § 632.7;

h.    Whether Class members are entitled to statutory damages of five thousand dollars ($5,000) under California Penal Code § 637.2 for every violation of California Penal Code §§ 632 and/or 632.7; and

CLASS ACTION COMPLAINT                 7

i.  Whether Class members are entitled to injunctive relief under California Penal Code § 637.2(b) to enjoin or restrain the Defendant from committing further violations of California Penal Code §§ 632 and/or 632.7.

27.  Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, was exposed to virtually identical conduct. Plaintiff alleges that Defendant systematically recorded all inbound and/or outbound telephone conversations without warning all parties to these confidential communications that the conversations were recorded, in violation of the privacy rights of the Plaintiff and the Class. The harm that Plaintiff suffered and all other Class members suffered arose from, and was caused by, the same conduct by Defendant. Defendant has acted, or refused to act, on grounds generally applicable to the Class, thereby making injunctive relief and statutory damages pursuant to California Penal Code § 637.2 appropriate with respect o the Class as a whole.

28.  Plaintiff can fairly and adequately represent the interests of the Class, she has no conflicts of interest with other Class members, is subject to no unique defenses, and has retained counsel competent and experienced in the prosecution of class actions.

29.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions. Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the Class as a whole would be appropriate. Plaintiff knows of no difficulty to be encountered in the management of this action which would preclude its maintenance as a class action.

30.  Plaintiff explicitly reserves the right to add additional class representatives, provided that Defendant is given an opportunity to conduct discovery on the chosen representative(s). Plaintiff will identify and propose class representatives with the filing of Plaintiff's motion for class certification.

CLASS ACTION COMPLAINT                          8

## FIRST CAUSE OF ACTION

## FOR VIOLATIONS OF CALIFORNIA PENAL CODE § 632

### (By Plaintiff and the Class Against Defendant)

31.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

32.     California Penal Code § 632 prohibits the intentional recording of a confidential communication without the consent of all parties to the communication.  Defendant has violated Penal Code § 632 in its telephone conversations with Plaintiff and the Class.  Defendant, as a standard business practice, has intentionally recorded confidential communications with Plaintiff and other Class members alike without obtaining their consent.

33.     These telephone conversations have all been confidential in nature within the meaning of Penal Code § 632 because Plaintiff and the Class had an objectively reasonable expectation that their conversations were not being recorded.  The existence of a reasonable expectation of privacy is supported by the fact that: (1) Defendant is required by law to inform persons it calls or receives calls from of its intent to record the calls; (2) Businesses that record telephone calls customarily do so inform the persons they call or receive calls from; and (3) Defendant did not inform Plaintiff and Class members who were located in California that their telephone calls were being recorded, nor did it seek to obtain their consent to record.  Moreover, the reasonable expectation of Plaintiff and the Class is further supported by the fact that the telephone calls pertained to personal and confidential information.

34.     Plaintiff is informed and believes and thereon alleges, that Defendant installed and/or caused to be installed Call Recording Technology on the telephone lines of all employees, agents, or representatives of Defendant who made or received consumer-facing telephone calls.

35.     Plaintiff is informed and believes and thereon alleges, that Defendant maintained and utilized this Call Recording Technology with the intent to record each and every telephone conversation with consumers, and carry out Defendant's policy of recording each and every telephone conversation with consumers.

36. Plaintiff is informed and believes and thereon alleges, that Defendant directed, trained, and instructed its employees, agents, or representatives to record all inbound and outbound conversations with consumers in order to carry out this policy and practice.

37. Plaintiff is informed and believes and thereon alleges, that Defendant's policy and practice of recording all telephone conversations with consumers failed to include a policy and practice that its employees, agents, or representatives warn Class members, including Plaintiff, who participated in telephone calls with Defendant, at the outset of each call that the telephone conversation was being recorded by Defendant.

38. Plaintiff is informed and believes and thereon alleges, that Defendant failed to warn the Class members, including the Plaintiff, at the outset of each and every telephone conversation initiated or received by Defendant that the conversation was recorded.

39. Defendant violated California Penal Code § 632 by recording telephone conversations with Class members, including Plaintiff, without the consent of all parties to these conversations.

40. Due to these violations as set forth herein, Plaintiff and the Class members are entitled to an award of five thousand dollars ($5,000) per violation pursuant to California Penal Code § 637.2. even in the absence of proof of actual damages, an amount deemed proper by the California Legislature. Plaintiff and the Class are also entitled to injunctive relief to enjoin further violations.

41. Plaintiff and Class members are entitled to recover reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## SECOND CAUSE OF ACTION

## FOR VIOLATIONS OF CALIFORNIA PENAL CODE § 632.7

### (By Plaintiff and the Class Against Defendant)

42. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

CLASS ACTION COMPLAINT                    10

43.     California Penal Code § 632.7 prohibits the intentional recording of any communication without the consent of all parties where one of the parties to the communication is using a cellular or cordless telephone.   Defendant has violated Penal Code § 632.7 in its telephone conversations with Plaintiff and the Class.  Defendant, as a standard business practice, has intentionally recorded communications with Plaintiff and the Class members, while using cellular or cordless telephones, without obtaining their consent.  Defendant did not provide any warning to Plaintiff and the Class members, at the outset of these conversations, of Defendant's intent to record the conversations.

44.     Defendant intentionally recorded the cellular and/or cordless telephone conversations of Plaintiff and the Class in violation of Penal Code § 632.7.

.45.     Due to these violations as set forth herein, Plaintiff and Class members are entitled to an award of five thousand dollars ($5,000) per violation pursuant to California Penal Code § 637.2, even in the absence of proof of actual damages, an amount deemed proper by the California Legislature.  Plaintiff and the Class are also entitled to injunctive relief to enjoin further violations.

46.     Plaintiff and Class members are entitled to recover reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and members of the Class, prays for judgment against Defendant as follows:

1.     For an order certifying this matter as a class action;

2.     For an order awarding Plaintiff and each member of the Class statutory damages of five thousand dollars ($5,000) per violation under California Penal Code § 637.2;

3.     For appropriate injunctive relief under California Penal Code § 637.2(b):

4.     For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

CLASS ACTION COMPLAINT                    11

5.     For costs of the suit incurred herein;

6.     For prejudgment interest at the legal rate; and

7.     For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for Plaintiff and the Class as to all issues so triable.

Dated: July 25, 2012                          LAW OFFICES OF ZEV B. ZYSMAN

                                              By: _____
                                                  ZEV B. ZYSMAN

                                              INITIATIVE LEGAL GROUP APC
                                              JORDAN L. LURIE
                                              SUE J. KIM
                                              ARVIN RATANAVONGSE

                                              *Attorneys for Plaintiff and
                                              the Proposed Class*

CLASS ACTION COMPLAINT                    12

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Zev B. Zysman (176805)<br>LAW OFFICES OF ZEV B. ZYSMAN<br>15760 Ventura Boulevard, Suite 1915, Encino, CA 91436<br><br>TELEPHONE NO.: (818) 783-8836   FAX NO.: (818) 783-9985<br>ATTORNEY FOR (Name): KAMI BROWN | **CONFORMED COPY**<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>JUL 25 2012<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____ Deputy<br>Mary Flores |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012-3014
BRANCH NAME: Central District – Stanley Mosk Courthouse

| CASE NAME:<br>Kami Brown v. Defender Security Company | |
|---|---|

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **BC489024**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [✓] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
    b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
         issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
    c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought (check all that apply): a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
**4.** Number of causes of action (specify): Two
**5.** This case [✓] is  [ ] is not  a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 25, 2012
Zev B. Zysman, Esq.
_____(TYPE OR PRINT NAME)_____       ▶ _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**BY FAX**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Kami Brown v. Defender Security Company | BC 489024 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)
>
> 1. Class Actions must be filed in the County Courthouse, Central District.
> 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES
Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|
| | Judge Elihu M. Berle | 323 | 1707 |
| | Judge Kenneth Freeman | 322 | 1702 |
| | Judge William F. Highberger | 307 | 1402 |
| | Judge Jane Johnson | 308 | 1415 |
| | Judge Anthony J. Mohr | 309 | 1409 |
| | Judge John Shepard Wiley, Jr. | 311 | 1408 |
| | OTHER | | |

BC 489024

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May <u>Not</u> Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May <u>Not</u> Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

# COURT ADR PROGRAMS

CIVIL:
- Arbitration (non-binding) (Code Civ. Proc. §§ 1141.10-1141.31, Cal. Rules of Court, rules 3.810-3.830, and Local Rules, rule 3.252 et seq.)
- Mediation (Code Civ. Proc. §§ 1775-1775.15, Cal. Rules of Court, rules 3.850-3.860, 3.865-3.872 and 3.890-3.898, Evid. Code §§ 1115-1128, and Local Rules, rule 3.252 et seq.)
  - o Civil Harassment Mediation
  - o Eminent Domain Mediation (Code Civ. Proc. §1250.420)
  - o Small Claims Mediation
- Neutral Evaluation (Local Rules, rule 3.252 et seq.)
- Settlement Conference
  - o Voluntary Settlement Conference (Local Rules, rule 3.252 et seq.)
  - o Retired Judge Settlement Conference

FAMILY (non-custody):
- Arbitration (non-binding) (Fam. Code § 2554 and Local Rules, rule 5.18)
- Mediation (Local Rules, rule 5.18)
- Settlement Conference
  - o Forensic Certified Public Accountant (CPA)
  - o Spanish Speaking Settlement Conference

PROBATE:
- Mediation
- Settlement Conference

## NEUTRAL SELECTION

Parties may select an arbitrator, mediator, or evaluator from the Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Panel, the ADR staff will assign on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

**Party Select Panel**    The Party Select Panel consists of arbitrators, mediators, and evaluators who have achieved a specified level of experience in court-annexed cases. The parties (collectively) are charged $150.00 per hour for the first three hours of hearing time. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral.

**Random Select Panel**    The Random Select Panel consists of trained arbitrators, mediators, evaluators, and settlement officers who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that Random Select Panel neutrals provide three hours hearing time per case on a pro bono basis. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral.

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | 1st Fl. | Lancaster, CA 93534 | 661-974-7275 | 661-945-8173 | AntelopeADR@lasuperiorcourt.org |
| Chatsworth | 9425 Penfield Ave. | 3100 | Chatsworth, CA 91311 | 818-576-8565 | 818-576-8733 | ChatsworthADR@lasuperiorcourt.org |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | 310-603-3072 | 310-223-0337 | ComptonADR@lasuperiorcourt.org |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | 818-500-3160 | 818-548-5470 | GlendaleADR@lasuperiorcourt.org |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | 562-491-6272 | 562-437-3802 | LongBeachADR@lasuperiorcourt.org |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | 562-807-7243 | 562-462-9019 | NorwalkADR@lasuperiorcourt.org |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | 626-356-5685 | 626-686-1774 | PasadenaADR@lasuperiorcourt.org |
| Pomona | 400 Civic Center Plaza | 108 | Pomona, CA 91766 | 909-620-3183 | 909-629-6283 | PomonaADR@lasuperiorcourt.org |
| San Pedro | 505 S. Centre St. | 209 | San Pedro, CA 90731 | 310-519-6151 | 310-514-0314 | SanPedroADR@lasuperiorcourt.org |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | 310-260-1829 | 310-319-6130 | SantaMonicaADR@lasuperiorcourt.org |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | 213-974-5425 | 213-633-5115 | CentralADR@lasuperiorcourt.org |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | 310-222-1701 | 310-782-7328 | TorranceADR@lasuperiorcourt.org |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | 818-374-2337 | 818-902-2440 | VanNuysADR@lasuperiorcourt.org |

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

Cal. Rules of Court, rule 3.221
Page 2 of 2

| NAME, ADDRESS, TELEPHONE, FAX, and E-MAIL: | STATE BAR NUMBER: | *Reserved for Clerk's File Stamp* |
|---|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
*Click on the button to select the appropriate court address.*

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties in the above-titled action stipulate to participate in the Alternative Dispute Resolution (ADR) process checked below:

☐ Mediation                   ☐ Neutral Evaluation

☐ Arbitration (non-binding)   ☐ Settlement Conference

☐ Arbitration (binding)       ☐ Other ADR Process *(describe)*: _____

| Dated | Name of Stipulating Party ☐ Plaintiff  ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|---|
| Dated | Name of Stipulating Party ☐ Plaintiff  ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff  ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff  ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff  ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff  ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff  ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff  ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Number of additional pages attached to this document: _____

LAADR 001 (Rev. 04-12)
LASC Approved 10-04
For Optional Use

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 1

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK          ALTERNATIVE DISPUTE RESOLUTION (ADR) DEPARTMENT

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act (DRPA) to provide information about the availability of local dispute resolution programs funded under DRPA. For more information regarding these programs, contact the Los Angeles County Department of Community and Senior Services Contracts Administration Office at 213-738-2621. The following is a list of the local dispute resolution programs funded in Los Angeles County.

Superior Court of California, County of Los Angeles, ADR Office 213-974-5425
www.lasuperiorcourt.org/ADR

<div style="border:1px solid">

**STAFF AND VOLUNTEERS OF THE FOLLOWING AGENCIES ARE NOT EMPLOYEES OF THE SUPERIOR COURT:**

</div>

Asian-Pacific American Dispute Resolution Center 213-250-8190 www.apadrc.org

California Academy of Mediation Professionals 818-377-7250 www.campmediation.org

California Lawyers for the Arts, Arbitration, and Mediation Service 310-998-5590
www.calawyersforthearts.org

Center for Civic Mediation 877-473-7658 213-896-6533 www.centerforcivicmediation.org

Center for Conflict Resolution 818-705-1090 www.ccr4peace.org

Centinela Youth Services, City of Hawthorne 310-970-7702 www.cys.la.org

Inland Valleys Justice Center 877-832-9325 www.ivjc.org

Korean American Coalition 4.29 Dispute Resolution Center 213-365-5999 www.kacla.org

Los Angeles County Department of Consumer Affairs, Dispute Settlement Services 213-974-0825
www.dca.lacounty.gov

Loyola Law School, The Center for Conflict Resolution 213-736-1145 www.lls.edu/ccr

Norwalk Dispute Resolution Program 562-929-5603 www.ci.norwalk.ca.us/socialservices2.asp

Office of the Los Angeles City Attorney, Dispute Resolution Program 213-485-8324
www.atty.lacity.org/mediate

<div style="border:1px solid">

**THE PROGRAMS LISTED ABOVE DO NOT OFFER LEGAL ADVICE OR HELP YOU RESPOND TO A SUMMONS; HOWEVER, THEY MAY ASSIST IN RESOLVING YOUR PROBLEM THROUGH MEDIATION.**

</div>

Zev B. Zysman (SBN 176805)
Law Offices of Zev B. Zysman
zev@zysmanlawca.com
15760 Ventura Boulevard, Suite 1915
Encino, California 91436
Telephone:    (818) 783-8836
Facsimile:    (818)783-9985

Jordan L. Lurie (SBN 130013)
JLurie@initiativelegal.com
Sue J. Kim (SBN 256392)
SKim@InitiativeLegal.com
Arvin Ratanavongse (SBN 257619)
ARatanavongse@InitiativeLegal.com
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:  (310) 556-5637
Facsimile:  (310) 861-9051

*Attorneys for Plaintiff Kami Brown and*
*The Proposed Class*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| KAMI BROWN, on Behalf or Herself and All Others Similarly Situated, | Case No.:  BC489024 |
| Plaintiff, | **CLASS ACTION** |
| vs. | **NOTICE OF REASSIGNMENT TO JUDGE ELIHU M. BERLE, DEPT. 323** |
| DEFENDER SECURITY COMPANY d/b/a DEFENDER DIRECT, INC.  and PROTECT YOUR HOME; and DOES 1 through 100, inclusive, | |
| Defendants. | |

*(left margin, vertical text)* INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** that on August 8, 2012, the Honorable Emilie H. Elias reassigned the above entitled matter to Judge Elihu M. Berle in Department 323 at 600 S. Commonwealth Avenue, Los Angeles, California 90005.

A true and correct copy of the Court's minute order is attached as Exhibit "A."

Dated:  August 13, 2012                    Respectfully submitted,

Initiative Legal Group APC

By: _____
     Jordan L. Lurie
     Sue J. Kim
     Arvin Ratanavongse

# EXHIBIT A

Brown v. Defender Security Company, et al.

Case # BC 48024

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 08/08/12

DEPT. 324

HONORABLE EMILIE H. ELIAS             JUDGE    A. MORALES        DEPUTY CLERK

HONORABLE                        JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR
#4
          E. MUNOZ, C.A.        Deputy Sheriff   NONE             Reporter

BC489024                          Plaintiff
                                  Counsel
KAMI BROWN                                           NONE
VS
DEFENDER SECURITY COMPANY ET AL   Defendant
                                  Counsel

P-170.6 HIGHBERGER

**NATURE OF PROCEEDINGS:**

Minute Order
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Los Angeles,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.


Dated: 8/8/12

John A. Clarke, Executive Officer/Clerk


By: _____
          A. MORALES



INITIATIVE LEGAL GROUP APC
Arvin Ratanavongse
1800 Century Park East, 2nd Floor
Los Angeles, CA 90067

Page    2 of    2    DEPT. 324

MINUTES ENTERED
08/08/12
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 08/08/12 | | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS   JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE #4   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| E. MUNOZ, C.A.   Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| BC489024 | Plaintiff Counsel | NONE |
| KAMI BROWN VS DEFENDER SECURITY COMPANY ET AL | Defendant Counsel | |
| P-170.6 HIGHBERGER | | |

**NATURE OF PROCEEDINGS:**

REASSIGNMENT UPON CCP 170.6 CHALLENGE

Good cause appearing, the above matter is reassigned
from Judge William F. Highberger in Department 307
to Judge Elihu M. Berle in Department 323
for all purposes.

Any party who has appeared and has not previously
filed a peremptory challenge under Section 170.6 Code
of Civil Procedure, may exercise a peremptory
challenge to the newly assigned judge within the 15
day period specified in Section 170.6 Code of Civil
Procedure (with extensions of time pursuant to Code
of Civil Procedure Section 1013 if service of notice
is by mail). Any party who has not yet appeared may
exercise a peremptory challenge under Section 170.6
Code of Civil Procedure within the 15 day statutory
period from first appearance.

Counsel for the plaintiff is to give notice to
all parties.

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the copy of the

Page   1 of   2   DEPT. 324

MINUTES ENTERED
08/08/12
COUNTY CLERK

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the State of California, County of Los Angeles. I am over the age of 18 and not a party to the within suit; my business address is 1800 Century Park East, 2nd Floor, Los Angeles, California 90067.

On **August 13, 2012**, I served the document described as **NOTICE OF REASSIGNMENT TO JUDGE ELIHU M. BERLE, DEPT. 323** on the interested parties in this action by sending [  ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] as stated on the attached service list:

### SEE ATTACHED SERVICE LIST

[✓]   **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[  ]   **BY ELECTRONIC SERVICE PROVIDER:** I hereby certify that the document was served electronically via the Court designated electronic service provider LEXIS NEXIS.

[  ]   **BY FAX:** I hereby certify that this document was served from Los Angeles, California, by facsimile delivery on the parties listed herein at their most recent fax number of record in this action.

[  ]   **BY PERSONAL SERVICE:** I delivered the document, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

[  ]   **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of collection and processing correspondence for overnight delivery. Under that practice, overnight packages are enclosed in a sealed envelope with a packing slip attached thereto fully prepaid. The packages are picked up by the carrier at our offices or delivered by our office to a designated collection site.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **August 13, 2012**, at Los Angeles, California.

Patrick White
Type or Print Name

_____
Signature

1

## SERVICE LIST

2

3     Corporation Service Company Which Will Do Business in California as CSC-Lawyers
      Incorporating Service
4     Agent for DEFENDER SECURITY COMPANY d/b/a DEFENDER DIRECT INC., and
      -PROTECT YOUR HOME
5     2710 Gateway Oaks Drive, Ste. 150N
      Sacramento, CA 95833

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, CA 90067



LOS ANGELES CA 900

UNITED STATES POSTAGE
PITNEY BOWES
02 1P                $000.65⁰
0001011806   AUG 13 2012
MAILED FROM ZIP CODE 90067

Corporation Service Company Which Will Do Business in
California as CSC-Lawyers Incorporating Service
Agent for DEFENDER SECURITY COMPANY d/b/a
DEFENDER DIRECT INC., and PROTECT YOUR HOME
2710 Gateway Oaks Drive, Ste. 150N
Sacramento, CA 95833

958339950224

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| Arvin Ratanavongse<br>Initiative Legal Group APC<br>1800 Century Park East, 2nd Floor<br>Los Angeles, CA 90067<br>(310) 556-5637 | 257619 | |

ATTORNEY FOR (Name): Plaintiff Shaun Anderson

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Central Civil West - 600 South Commonwealth Ave., Los Angeles, CA 90012

PLAINTIFF:
Kami Brown

DEFENDANT:
Defender Security Company

| AFFIDAVIT OF PREJUDICE<br>PEREMPTORY CHALLENGE TO JUDICIAL OFFICER<br>(Code Civ. Proc., § 170.6) | CASE NUMBER:<br>BC489024 |
|---|---|

| Name of Judicial Officer<br>William F. Highberger | Dept./Div. Number<br>307 |
|---|---|
| ☒ Judge          ☐ Commissioner | ☐ Referee |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

| I declare under penalty of perjury, under the laws of the State of California<br>that the foregoing is true and correct. | | |
|---|---|---|
| Date:<br><br>August 1, 2012 | Signature of Declarant<br><br> | Kami Brown<br>(Name of Party)<br>☒ Plaintiff    ☐ Cross Complainant<br>☐ Defendant   ☐ Cross Defendant |

**AFFIDAVIT OF PREJUDICE**
**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**

Code Civ. Proc., § 170.6

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the State of California, County of Los Angeles.  I am over the age of 18 and not a party to the within suit; my business address is 1800 Century Park East, 2nd Floor, Los Angeles, California 90067.

On **August 1, 2012**, I served the document described as **AFFIDAVIT OF PREJUDICE PEREMPTORY CHALLENGE TO JUDICIAL OFFICER** on the interested parties in this action by sending [  ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] as stated on the attached service list:

### SEE ATTACHED SERVICE LIST

[✓]   **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[  ]   **BY ELECTRONIC SERVICE PROVIDER:** I hereby certify that the document was served electronically via the Court designated electronic service provider LEXIS NEXIS.

[  ]   **BY FAX:** I hereby certify that this document was served from Los Angeles, California, by facsimile delivery on the parties listed herein at their most recent fax number of record in this action.

[  ]   **BY PERSONAL SERVICE:** I delivered the document, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

[  ]   **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of collection and processing correspondence for overnight delivery.  Under that practice, overnight packages are enclosed in a sealed envelope with a packing slip attached thereto fully prepaid.  The packages are picked up by the carrier at our offices or delivered by our office to a designated collection site.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **August 1, 2012**, at Los Angeles, California.

Patrick White
_____                    _____
Type or Print Name                                     Signature

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1

## SERVICE LIST

2

3   Corporation Service Company Which Will Do Business in California as CSC –
    Lawyers Incorporating Service

4   Agent for DEFENDER SECURITY COMPANY d/b/a DEFENDER DIRECT INC., and
    PROTECT YOUR HOME

5   2710 Gateway Oaks Drive, Ste. 150N
    Sacramento, CA 95833

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

**PROOF OF SERVICE**

Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, CA 90067





UNITED STATES POSTAGE
PITNEY BOWES
02 1P        $000.45⁰
0001011806  AUG 01 2012
MAILED FROM ZIP CODE 90067

Corporation Service Company Which Will Do Business in
California as CSC – Lawyers Incorporating Service
Agent for DEFENDER SECURITY COMPANY d/b/a DEFENDER
DIRECT INC., and PROTECT YOUR HOME
2710 Gateway Oaks Drive, Ste. 150N
Sacramento, CA 95833

95833$3502

Zev B. Zysman (SBN 176805)
Law Offices of Zev B. Zysman
zev@zysmanlawca.com
15760 Ventura Boulevard, Suite 1915
Encino, California 91436
Telephone:    (818) 783-8836
Facsimile:    (818)783-9985

Jordan L. Lurie (SBN 130013)
JLurie@initiativelegal.com
Sue J. Kim (SBN 256392)
SKim@InitiativeLegal.com
Arvin Ratanavongse (SBN 257619)
ARatanavongse@InitiativeLegal.com
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:  (310) 556-5637
Facsimile:  (310) 861-9051

*Attorneys for Plaintiff Kami Brown and
The Proposed Class*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| KAMI BROWN, on Behalf or Herself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>DEFENDER SECURITY COMPANY d/b/a DEFENDER DIRECT, INC. and PROTECT YOUR HOME; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.:  BC489024<br><br>**CLASS ACTION**<br><br>**NOTICE OF RULING OF PEREMPTORY CHALLENGE AND RE-ASSIGNMENT** |

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** that on August 07, 2012, the Honorable William F. Highberger granted Plaintiff's Peremptory Challenge under Section 170.6 of the Code of Civil Procedure and ordered the above-entitled matter transferred to Department 324 for re-assignment.

A true and correct copy of the Court's minute order is attached as Exhibit "A."

Dated:  August 9, 2012

Respectfully submitted,

Initiative Legal Group APC

By: _____

Jordan L. Lurie
Sue J. Kim
Arvin Ratanavongse

Law Offices of Zev B. Zysman
Zev B. Zysman

Attorneys for Plaintiff Kami Brown and the proposed class

# EXHIBIT A

Brown v. Defender Security Company, et al.

Case # BC 48024

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 08/07/12 | | DEPT. 307 |
| HONORABLE WILLIAM F. HIGHBERGER  JUDGE | A. LIM | DEPUTY CLERK |
| HONORABLE  #5  JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| R. SANCHEZ, C.A.  Deputy Sheriff | NONE | Reporter |

| 1:30 pm | BC489024 | | |
|---|---|---|---|
| | | Plaintiff Counsel | NO APPEARANCES |
| | KAMI BROWN VS DEFENDER SECURITY COMPANY ET AL | Defendant Counsel | |
| | P-170.6 HIGHBERGER | | |

**NATURE OF PROCEEDINGS:**

PEREMPTORY CHALLENGE

A peremptory challenge under Section 170.6 of the Code of Civil Procedure was filed herein on August 2, 2012.

The Court finds that it was timely filed, in proper format, and it is accepted.

The case is ordered transferred to Department 324 for re-assignment.

Moving party is to give notice.

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the
Minute Order
upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Page   1 of  2   DEPT. 307

MINUTES ENTERED
08/07/12
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 08/07/12 | | DEPT. 307 |
| HONORABLE WILLIAM F. HIGHBERGER   JUDGE | A. LIM | DEPUTY CLERK |
| HONORABLE   #5   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| R. SANCHEZ, C.A.   Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 1:30 pm | BC489024 | Plaintiff Counsel |
| | KAMI BROWN | NO APPEARANCES |
| | VS | |
| | DEFENDER SECURITY COMPANY ET AL | Defendant Counsel |
| | P-170.6 HIGHBERGER | |

**NATURE OF PROCEEDINGS:**


Dated: August 7, 2012

John A. Clarke, Executive Officer/Clerk


By: _____ LIM



INITIATIVE LEGAL GROUP APC
Arvin Ratanavongse
1800 Century Park East, 2nd Floor
Los Angeles, CA. 90067




Page    2 of  2    DEPT. 307

```
MINUTES ENTERED
08/07/12
COUNTY CLERK
```

1

<div align="center">

**PROOF OF SERVICE**

</div>

2

<div align="center">

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

</div>

3

   I am employed in the State of California, County of Los Angeles. I am over the age of 18 and not a party to the within suit; my business address is 1800 Century Park East, 2nd Floor, Los Angeles, California 90067.

4

5

On **August 10, 2012**, I served the document described as **NOTICE OF RULING OF PEREMPTORY CHALLENGE AND RE-ASSIGNMENT** on the interested parties in this action by sending [  ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] as stated on the attached service list:

6

7

<div align="center">

**SEE ATTACHED SERVICE LIST**

</div>

8

9   [✓]    **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

10

11

12   [  ]    **BY ELECTRONIC SERVICE PROVIDER:** I hereby certify that the document was served electronically via the Court designated electronic service provider LEXIS NEXIS.

13

14   [  ]    **BY FAX:** I hereby certify that this document was served from Los Angeles, California, by facsimile delivery on the parties listed herein at their most recent fax number of record in this action.

15

16   [  ]    **BY PERSONAL SERVICE:** I delivered the document, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

17   [  ]    **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of collection and processing correspondence for overnight delivery. Under that practice, overnight packages are enclosed in a sealed envelope with a packing slip attached thereto fully prepaid. The packages are picked up by the carrier at our offices or delivered by our office to a designated collection site.

18

19

20

21      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22      Executed this **August 10, 2012**, at Los Angeles, California.

23

24   Patrick White                                                    _(signature)_

       Type or Print Name                                          Signature

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

<div align="center">

Page 1

**PROOF OF SERVICE**

</div>

<u>**SERVICE LIST**</u>

Corporation Service Company Which Will Do Business in California as CSC-Lawyers
Incorporating Service
Agent for DEFENDER SECURITY COMPANY d/b/a DEFENDER DIRECT INC., and
-PROTECT YOUR HOME
2710 Gateway Oaks Drive, Ste. 150N
Sacramento, CA 95833

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE

Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, CA 90067





02 1P
0001011806   AUG 09 2012
MAILED FROM ZIP CODE 90067

Corporation Service Company Which Will Do Business in
California as CSC-Lawyers Incorporating Service
Agent for DEFENDER SECURITY COMPANY d/b/a
DEFENDER DIRECT, INC., and PROTECT YOUR HOME
2710 Gateway Oaks Drive, Ste. 150N
Sacramento, CA 95833

95833350224

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV12- 7319 CAS (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[✓] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CONFORM

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| KAMI BROWN, on Behalf of Herself and All Others Similarly Situated | DEFENDER SECURITY COMPANY d/b/a DEFENDER DIRECT, INC. and PROTECT YOUR HOME; and DOES 1 through 100, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Jordan L. Lurie, Initiative Legal Group APC<br>1800 Century Park East, 2nd Floor<br>Los Angeles, CA 90067 | Kevin D. Rising; Levi W. Heath<br>Barnes & Thornburg LLP<br>2049 Century Park East, Suite 3550, Los Angeles, CA 90067 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff   □ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify):   □ 6 Multi-District Litigation   □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   □ No                **□ MONEY DEMANDED IN COMPLAINT: $** Not specified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

· 28 USC § 1441 (B)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | □ 530 General | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 535 Death Penalty | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | **BANKRUPTCY** | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | **PROPERTY RIGHTS** |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | □ 610 Agriculture | □ 820 Copyrights |
| □ 810 Selective Service | | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 365 Personal Injury-Product Liability | □ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| □ 890 Other Statutory Actions | □ 190 Other Contract | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | | □ 445 American with Disabilities - Employment | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | **IMMIGRATION** | □ 446 American with Disabilities - Other | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 893 Environmental Matters | **REAL PROPERTY** | □ 462 Naturalization Application | □ 440 Other Civil Rights | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | □ 463 Habeas Corpus-Alien Detainee | | □ 690 Other | □ 865 RSI (405(g)) |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | □ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| □ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 240 Torts to Land | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 245 Tort Product Liability | | | | |
| | □ 290 All Other Real Property | | | | |

CV12-07319

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Indiana |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date _August 24, 2012_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |