UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7319-CAS (PJWx) | Date | October 22, 2012 |
|---|---|---|---|
| Title | KAMI BROWN V. DEFENDER SECURITY COMPANY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Arvin Ratanavongse<br>Lesley Weaver<br>Zev Zysman | Kevin Rising |

**Proceedings:** DEFENDANTS' MOTION TO DISMISS CASE (Docket #9, filed August 31, 2012).

## I. INTRODUCTION

On July 25, 2012, plaintiff filed this putative class action in Los Angeles Superior Court. Defendant removed the case to this Court on August 24, 2012. Plaintiff's complaint alleges two claims for relief: (1) violation of California Penal Code § 632, and (2) violation of California Penal Code § 632.7.

On August 31, 2012, defendant moved to dismiss the case. Plaintiff filed an opposition on September 24, 2012. Defendant replied on October 9, 2012. Defendant's motion is presently before the Court.

## II. BACKGROUND

The defendant in this case is Defender Security Company ("Defender Security"). Comp. ¶ 8. Defender Security sells home security systems and satellite television services, and operates call centers in connection with its business. Id. Plaintiff Kami Brown is a Los Angeles resident and was a potential customer of Defender Security. Id. ¶ 7.

Plaintiff's complaint arises out of defendant's alleged policy of recording telephone conversations with consumers without their consent. In May 2012, plaintiff called defendant after viewing an advertisement and provided defendant with personal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7319-CAS (PJWx) | Date | October 22, 2012 |
|---|---|---|---|
| Title | KAMI BROWN V. DEFENDER SECURITY COMPANY, ET AL. | | |

information, including her name and zip code. Id. ¶ 13. The next day, plaintiff received a phone call from defendant on her cellular phone, and during that conversation disclosed her name, residential address, date of birth, and social security number. Id. ¶ 14. Plaintiff alleges that defendant recorded these conversations pursuant to a company wide policy of recording all inbound and outbound conversations with consumers. Id. ¶¶ 16 – 18. Plaintiff further alleges that she was given no warning or other indication that the call was being recorded, and hence did not consent to the recording, and was deprived of the opportunity to decline to participate in the call or limit the confidential information she provided. Id. ¶ 15.

## III.  LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7319-CAS (PJWx) | Date | October 22, 2012 |
|---|---|---|---|
| Title | KAMI BROWN V. DEFENDER SECURITY COMPANY, ET AL. | | |

that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**IV.   DISCUSSION**

   **A.   Plaintiff's Claim for Violation of Penal Code § 632**

California law provides a claim for relief against any person who records or eavesdrops upon a "confidential communication" carried out through telephone. Cal. Penal Code §§ 632(a), 637.2. A "confidential communication" includes "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto." Cal. Penal Code § 632(c). Additionally, the California Supreme Court has explained that a conversation is a "confidential communication" pursuant to § 632 "if a party to that conversation has an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7319-CAS (PJWx) | Date | October 22, 2012 |
|---|---|---|---|
| Title | KAMI BROWN V. DEFENDER SECURITY COMPANY, ET AL. | | |

objectively reasonable expectation that the conversation is not being overheard or recorded." Flanagan v. Flanagan, 27 Cal.4th 766, 777 (Cal. 2002).

Defendant contends that plaintiff's conversations with defendant were not "confidential communications" within the meaning of § 632(c) because they were routine sales inquiries. In support of this argument, defendant urges the Court to follow two recent district court decisions: Safir v. BBG Communications, Inc., 2012 WL 398991 (S.D. Cal. 2012), and Faulkner v. ADT Sec. Services, Inc., 2011 WL 1812744 (N.D. Cal. 2011). In Faulkner, the district court dismissed a claim under § 632 arising out of a phone call in which plaintiff intended to dispute a charge assessed by defendant. Faulkner, 2011 WL 1812744 at 1. Although the plaintiff in Faulkner did not receive an initial warning that his call was being recorded, the Court found that the conversation was not confidential because it did not involve personal financial affairs or another topic "that would create a reasonable expectation that the conversation would not be recorded." Id. at 4.[1]

In reply, plaintiff argues that under the California Supreme Court's opinion in Kearny v. Salomon Smith Barney, Inc., 39 Cal.4th 95 (Cal. 2006), consumers have a reasonable expectation that their calls will be kept private unless they are warned that the call will be recorded. Specifically, plaintiff points to a footnote in Kearny that reads:

> [I]n light of the circumstance that California consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call, it appears equally plausible that, in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded, particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in such calls.

Id. at 118, fn 10. Additionally, plaintiff cites three orders denying motions to dismiss purportedly similar claims to those raised in this case. Monica Backman et al. v. Green

---

[1] The district court in Safir cites Faulkner and agrees with its reasoning, but does not consider the issue in depth because the plaintiffs had presented no evidence that their calls were recorded by defendant in California. Safir, 2012 WL 398991 at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7319-CAS (PJWx) | Date | October 22, 2012 |
|---|---|---|---|
| Title | KAMI BROWN V. DEFENDER SECURITY COMPANY, ET AL. | | |

Tree Servicing LLC, Case #8:12-cv-00135-DOC-AN, Dkt. # 18 (C.D. Cal. 2012) (Carter, J.) ("Backman"); James R Titsworth v. SKO Brenner American Inc et al., Case #2:12-cv-03457-SJO-SH, Dkt. #15 (C.D. Cal. 2012) (Otero, J.) ("Titsworth"); Shant H. Mardirosian v. Nationwide Credit, Inc., et al, Case #2:12-cv-04342-GHK-E, Dkt #16 (C.D. Cal. 2012) (King, C.J.) ("Mardirosian").

The Court finds that defendant's argument contravenes California case law interpreting § 632. In Flanagan v. Flanagan, 27 Cal.4th 766 (Cal. 2002), the California Supreme Court unambiguously held that the content of a phone call is irrelevant for determining whether it is a confidential communication under § 632. Flanagan, 27 Cal.4th at 776 ("Under the construction adopted here, the Privacy Act . . . protects against intentional, nonconsensual recording of telephone conversations regardless of the content of the conversation or the type of telephone involved."); see also Mardirosian at 2 ("In assessing whether the party to a phone call had an objectively reasonable expectation of privacy, the specific content of the call is irrelevant."); Backman at 6 (similar). Therefore, the fact that the content of plaintiff's calls were limited to routine sales inquiries provides no reason to find that the calls were not confidential communications.

Additionally, the above-quoted language from California Supreme Court's decision in Kearny suggests that plaintiff had a reasonable expectation that her call would be kept private based on the fact that she failed to receive a customary warning that it would be recorded. See Kearny, 39 Cal.4th at 118 fn. 10. Moreover, plaintiff alleges that she shared personal and confidential information with defendant, including her social security number, and alleges no facts suggesting grounds to believe that either of her conversations would be eavesdropped upon. Read in the light most favorable to plaintiff, then, plaintiff has adequately pleaded that her conversations were confidential communications.[2]

The Court therefore finds that defendant's motion to dismiss plaintiff's claim for violation of § 632 should be denied.

---

[2] Defendant also argues that plaintiff failed to allege lack of knowledge that her calls were recorded. This is incorrect: plaintiff alleges that she was "deprived of the ability to . . . decline to participate in a recorded call," which implies that she did not know she was being recorded. Comp. ¶ 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7319-CAS (PJWx) | Date | October 22, 2012 |
|---|---|---|---|
| Title | KAMI BROWN V. DEFENDER SECURITY COMPANY, ET AL. | | |

### B. Plaintiff's Claim for Violation of Penal Code § 632.7

Pursuant to California Penal Code § 632.7, California law provides a claim for relief against "Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records . . . a communication transmitted between . . . a cellular radio telephone and a landline telephone." Cal. Pen. Code § 632.7(a); Cal. Pen. Code § 637.2. The parties here dispute whether § 632.7 is limited to situations in which unknown third parties record cell phone conversations, or whether it also prevents recording by the known participants in a cell phone call. The parties cite no California case law resolving this issue, and the Court finds none.

Defendants argue that the statute's use of the phrase "intercepts or receives" shows that it only extends to unknown third parties to a cell phone conversation. In support of this position, defendant points to Cal. Penal Code §§ 632.5, 632.6, related statutes that use the phrase "intercepts or receives" but purportedly only reach conduct by third parties to a cell phone conversation. These statutes provide:

> Every person who, maliciously and without the consent of all parties to the communication, intercepts, receives, or assists in intercepting or receiving a communication transmitted between cellular radio telephones or between any cellular radio telephone and a landline telephone shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500), by imprisonment in the county jail not exceeding one year or in the state prison, or by both that fine and imprisonment.

> Every person who, maliciously and without the consent of all parties to the communication, intercepts, receives, or assists in intercepting or receiving a communication transmitted between cordless telephones as defined in subdivision (c), between any cordless telephone and a landline telephone, or between a cordless telephone and a cellular telephone shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500), by imprisonment in the county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7319-CAS (PJWx) | Date | October 22, 2012 |
|---|---|---|---|
| Title | KAMI BROWN V. DEFENDER SECURITY COMPANY, ET AL. | | |

Cal. Pen. Code § 632.5(a); Cal. Pen. Code § 632.6(a). Defendant argues that because these statutes only apply to conduct by third parties to a conversation, the Court should similarly construe the language in § 632.7 to only apply to conduct by third parties.

Plaintiff makes several arguments in response. First, plaintiff notes that § 632.7(a) uses the phrase "every person," which suggests that the California legislature intended a broad range of individuals to be liable under the statute. Second, plaintiff argues that the use of the disjunctive "or" between the words "intercepts" and "receives" suggests that the words have contrasting meaning in the statute. Plaintiff concludes that because "intercept" clearly reaches conduct by third parties who secretly access a cell phone conversation, "receives" should be interpreted to reach conduct by the known participants in a conversation. Third, plaintiff points to two district court decisions that construe § 632.7 to prevent parties to cell phone conversation from recording it. See Kuschner v. Nationwide Credit, Inc., 256 F.R.D. 684, 688 (E.D. Cal. 2009) ("Section 632.7 makes unlawful the intentional, non-consensual recording of a telephone communication, where at least one of the phones is a cordless or cellular telephone."); Joan Lewis v. Costco Wholesale Corporation, et al, Case #2:12-cv-04820-JAK-AJW, Dkt. #29 ("Lewis") (C.D. Cal. 2012) (Kronstadt, J.) ("on its face, § 632.7 is unambiguous: it precludes the recording of all communications involving a cellular telephone").

The Court agrees with the decisions cited by plaintiff, and finds that § 632.7 prevents a party to a cell phone conversation from recording it without the consent of all parties to the conversation. This interpretation flows from the clear and unambiguous language of the statute.[3] Initially, as a matter of common usage, the participants in a conversation "receive" communications from each other. This alone suggests that § 632.7 should not be limited to situations in which unknown third parties record a conversation. Additional support for the Court's interpretation lies in the fact that the statute uses the terms "receives" and "intercepts" disjunctively, which suggests that these terms are meant to apply to distinct kinds of conduct. Since "intercepts" is most naturally interpreted to refer to conduct whereby an unknown party secretly accesses a

---

[3] Since the Court finds the statutory language unambiguous, it has no need to consider legislative history. Viceroy Gold Corp. v. Aubry, 75 F.3d 482, 490 (9thCir. 1996); Delaney v. Superior Court, 50 Cal.3d 785, 798 (Cal. 1990).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7319-CAS (PJWx) | Date | October 22, 2012 |
|---|---|---|---|
| Title | KAMI BROWN V. DEFENDER SECURITY COMPANY, ET AL. | | |

conversations, "receives" is naturally read to refer to something other than access to a conversation by an unknown interloper.[4]

The Court's interpretation of § 632.7 does not render it duplicative of § 632. Under the Court's interpretation, both statutes prevent a party to a conversation from recording it without the consent of all parties involved. However, as the district court observed in Lewis, § 632 only applies to "confidential communications," whereas § 632.7 contains no comparable limitation. Lewis at 4 – 5. Since "confidential communications" exclude "a communication made in a public gathering" or "in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard," § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. Cal. Pen. Code § 632(c).[5]

Accordingly, the Court finds that plaintiff's complaint states a claim under § 632.7.

**V.   CONCLUSION**

In accordance with the foregoing, defendant's motion to dismiss is hereby DENIED.

IT IS SO ORDERED.

00:11
CMJ

---

[4] Defendant may be correct that §§ 632.5, 632.6 only extend to conduct by unknown third parties. Even if this is the case, in these statutes the term "receives" is modified by "maliciously," and therefore is subject to a different interpretation in §§ 632.5, 632.6.

[5] Defendant argues that this result is absurd because it grants greater protection to calls on cell phones than calls on landline telephones. It is unclear why this result is absurd, and in any event, this result occurs on defendant's interpretation of the statute as well: only confidential communications on landlines intercepted by unknown third parties would be covered by § 632.7, whereas all cell phone communications intercepted by unknown third parties would be covered by § 632.7.