Jordan L. Lurie (SBN 130013)
Jordan.Lurie@capstonelawyers.com
David L. Cheng (SBN 240926)
David.Cheng@capstonelawyers.com
Sue J. Kim (SBN 256392)
Sue.Kim@capstonelawyers.com
Arvin Ratanavongse (SBN 257619)
Arvin.Ratanavongse@capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

Attorneys for Plaintiff Kami Brown

*Additional attorney for Plaintiff is listed on Signature page*

Kevin D. Rising (SBN 211663)
Kevin.Rising@btlaw.com
Levi W. Heath (SBN 220854)
Levi.Heath@btlaw.com
Devin Stone (SBN 260326)
BARNES & THORNBURG LLP
2049 Century Park East, Suite 3550
Los Angeles, California 90067
Telephone: (301) 284-3880
Facsimile: (310) 284-3894

Attorneys for Defendant Defender Security Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMI BROWN, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DEFENDER SECURITY COMPANY d/b/a DEFENDER DIRECT, INC. and PROTECT YOUR HOME; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No.: CV 12-07319-CAS (PJW)<br><br>**CLASS ACTION**<br><br>[Assigned to Hon. Christina A. Snyder]<br><br>**STIPULATED PROTECTIVE ORDER REGARDING DISCOVERY AND CONFIDENTIAL INFORMATION**<br><br>Complaint Filed: July 25, 2012<br>Removal Filed: August 24, 2012<br>Trial Date: None set |

Plaintiff Kami Brown ("Plaintiff") and Defendant Defender Security Company (collectively referred to herein as "Defendant") (Plaintiff and Defendant are referred to collectively herein as the "Parties") hereby stipulate that, subject to the Court's approval, the following procedures shall be followed in this Action to facilitate the orderly and efficient discovery of relevant information while minimizing the potential for unauthorized disclosure or use of confidential or proprietary information.

IT IS HEREBY AGREED AND ORDERED:

1. In connection with discovery furnished by any of the parties (or any of their present and former directors, officers, employees, and agents) in the above-captioned action (the "Action"), any party may designate any document as "Confidential" under this Stipulated Protective Order Regarding Confidentiality and Return of Documents (the "Order") if that party and its counsel in good faith believe that the designated restriction is appropriate because the document contains or reflects trade secrets or other confidential research and development, financial, or commercial information, or personal information regarding employees and individuals not a party to this litigation. Documents designated as "Confidential" shall be limited to documents which have not been made public and in which the disclosing party in good faith believes will, if disclosed, have the effect of causing harm to its business or competitive position.

2. Any documents to be designated as "Confidential" may be so designated by labeling the documents with the term "Confidential" prior to their production (the party designating the document or thing as confidential is the "Designating Party" while the recipient is the "Receiving Party"). Any deposition testimony, whether oral or written, may be designated as "Confidential" by a party advising the court reporter, videographer, on the record at the time such testimony is given, or by notifying counsel of record for all parties in writing within fifteen (15) days after receipt of the transcript that designated portions of the transcript are

confidential. If such designation is made at the time of the deposition, the reporter shall indicate on the face of the deposition that the transcript contains "Confidential" materials and shall identify the pages and lines that contain such "Confidential" materials. The term "document" as used throughout this Order includes any deposition transcript.

3. The production by any party of any "Confidential" documents during this Action without a "Confidential" designation shall be without prejudice to any claim that such material should be treated as "Confidential" and such party shall not be held to have waived any rights by such production or disclosure unless such documents have been filed with the Court. In the event that such production occurs, counsel for the producing party may designate the documents as "Confidential," unless such documents have been filed with the Court.

4. Notwithstanding the requirements of Local Rule 37 which apply to discovery disputes generally, if the dispute involves the designation of documents as "Confidential," the following procedure shall apply:

(a) Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 7 days of receipt of the objection, and shall state with particularity the grounds for asserting that the document or information is Confidential. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute within 7 days of receipt of the response to the objection.

(b) If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the party challenging the designation shall present the dispute to the Court within 7 days of the

conference amongst the counsel, or if no response to an objection is given, within 7 days of the time for a response. If the party challenging the designation fails to present the dispute to the Court as outlined herein, that party waives any objection to the challenged designation.

5. Documents designated as "Confidential" (and any information contained therein or derived therefrom) may be disclosed or made available by the receiving party only to the following:

(a) The Court (including the Court's administrative and clerical staff). If any papers to be filed with the Court contain "Confidential" information, the proposed filing shall be accompanied by an application to file the papers or portion thereof containing the protected information under seal, and the application shall be directed to the judge to whom the papers are directed. Specifically, with respect to such filing, the parties shall follow the provisions of Central District of California Local Rule 79-5.

(b) Attorneys of record and in-house attorneys in the Action, as well as the lawyers, paralegals, clerical and secretarial staff employed by and working for such attorneys on this case.

(c) The parties as well as those officers, directors, in-house attorneys, or employees of the parties who are actively involved in the Action or who are otherwise necessary to aid counsel in the Action.

(d) Court reporters transcribing depositions in the Action.

(e) Any deposition, trial, or hearing witness in the Action, so long as they execute the form attached hereto as Exhibit A.

(f) Any expert witness or consultant, which shall be defined to mean a person who has been retained by one of the parties in good faith to serve as an expert witness or consultant (whether or not retained to testify at trial) in connection with this Action, including any person working directly under the supervision of any such expert witness or consultant, provided that prior to

the disclosure of documents designated as "Confidential" to any expert witness or consultant, the party making the disclosure shall deliver a copy of this Order to such person and shall secure the signature of such person on the form attached hereto as Exhibit A.

(g)   Any other persons to whom the parties all agree in writing and who executes the form attached hereto as Exhibit A.

Nothing contained herein is intended to prevent either party from using "Confidential" documents or information at a hearing or trial in this matter; however, the designating party shall take steps at the appropriate time to protect the confidential nature of the information and the use and treatment of such information will be addressed by separate Order.

6.   Documents designated as "Confidential" and information contained therein, shall not be disclosed to any person except in accordance with this Order and shall be used by the persons receiving them only for the purposes of preparing for, conducting, and/or participating in the conduct of this Action, and not for any business, personal, or other purpose whatsoever.

7.   Within forty five (45) days after the later of (i) final judgment or settlement of the Action and (ii) after the time for any and all appeals has expired, the parties and their counsel shall return to counsel for the producing party or third-party all documents produced in this Action and all copies thereof, or alternatively, the parties shall provide certification confirming that counsel have destroyed all documents within their possession. Notwithstanding the foregoing, counsel (including in-house counsel) for the Parties shall be entitled to retain for their files a set of all pleadings (including exhibits), motion papers, court filings, discovery requests, expert reports, deposition, hearing and trial transcripts (including exhibits) and attorney work-product (including legal research) which incorporate, contain, or refer to any documents or other material that contain or refer to confidential

information, provided that such materials remain subject to the terms and conditions of this Agreement.

8. Any documents produced by a non-party witness in discovery in the Action pursuant to subpoena or otherwise may be designated by such non-party as "Confidential" under the terms of this Order, and such designation shall have the same force and effect, and create the same duties, obligations, and remedies as if made by one of the parties hereto.

9. If a party is served with a subpoena issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential" that party must: (a) promptly notify in writing (by fax, if possible) the designating party and such notification shall include a copy of the subpoena; (b) promptly notify in writing the party who caused the subpoena to issue in the other litigation that some or all of the material covered by the subpoena is subject to this Stipulated Protective Order and such notification shall include a copy of this Stipulated Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose protected material may be affected. The party served with the subpoena may not produce any designated material in response to the subpoena or order until the date specified for production in the subpoena. If the designating party timely seeks a protective order, the party served with the subpoena shall not produce any information designated "Confidential" before a determination by the court from which the subpoena was issued. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued.

Page 5
STIPULATED PROTECTIVE ORDER

10. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed any part of a Confidential document to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures and the specific facts of how, when and in what manner the unauthorized disclosure occurred, (b) use its best efforts to retrieve all copies of the Confidential documents, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (d) request such person or persons to execute the acknowledgment and agreement to be bound by this Order that is attached hereto as Exhibit A and (e) fully cooperate with the Designating Party in its independent efforts to mitigate the consequences of the unauthorized disclosure.

11. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any portion of a Confidential document. A Party that seeks to file under seal any Confidential document must comply with Civil Local Rule 79-5. Confidential documents may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential document at issue.

1 | Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request
2 | establishing that the Confidential document at issue is privileged, protectable as a
3 | trade secret, or otherwise entitled to protection under the law. If a Receiving Party's
4 | request to file Confidential documents under seal pursuant to Civil Local Rule 79-5
5 | is denied by the court, then the Receiving Party may file the information in the
6 | public record unless otherwise instructed by the court.

7 |     13.    By stipulating to the entry of this Protective Order no Party waives any
8 | right it otherwise would have to object to disclosing or producing any information
9 | or item on any ground not addressed in this Stipulated Protective Order. Similarly,
10 | no Party waives any right to object on any ground to use in evidence any of the
11 | material covered by this Protective Order.

12 | //
13 | //
14 | //
15 | //
16 | //
17 | //
18 | //
19 | //
20 | //
21 | //
22 | //
23 | //
24 | //
25 | //
26 | //
27 | //
28 | //

14. This Order may be amended or modified only by the Court.

Dated: March 5, 2013

CAPSTONE LAW APC
Jordan Lurie
David L. Cheng
Sue J. Kim
Arvin Ratanavongse

By _____
Attorneys for Plaintiff
KAMI BROWN

Dated: March 5, 2013

LAW OFFICES OF ZEV B. ZYSMAN
Zev B. Zysman

By _____
Attorneys for Plaintiff
KAMI BROWN

Dated: March 5, 2013

BARNES & THORNBURG LLP
Kevin D. Rising
Levi W. Heath
Devin Stone

By _____
Kevin D. Rising
Attorneys for Defendant
DEFENDER DIRECT COMPANY

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 3/13/13

_____
The Honorable Patrick J. Walsh
United States Magistrate Judge

# EXHIBIT "A"

# EXHIBIT A

1. I, _____, residing at _____ have read the foregoing Stipulated Protective Order Regarding Confidentiality and Return of Documents (the "Order") in the action captioned *Brown v. Defender Security Company*, No. CV 12-07319-CAS (PJW), pending in the United States District Court for the Central District of California. I agree to be bound by its terms with respect to any documents designated as "Confidential" that are furnished to me as set forth in the Order. I further agree to return documents to the producing party or third party according to the terms of paragraph 7 of that Order.

2. I hereby consent to the jurisdiction of the Court in which the Action is pending with respect to any proceedings to enforce the terms of the Order against me.

3. I hereby agree that any documents designated as "Confidential" that are furnished to me will be used by me only for the purposes of the Action, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own, nor will the information contained therein be imparted by me to any other person.

_____        _____
Signature                                                  Date