1 | **LAW OFFICES OF ZEV B. ZYSMAN**
A Professional Corporation
2 | Zev B. Zysman (176805)
zev@zysmanlawca.com
3 | 15760 Ventura Boulevard, Suite 1915
Encino, CA 91436
4 | Telephone: (818) 783-8836
Facsimile: (818) 783-9985
5
6 | **CAPSTONE LAW APC**
Jordan L. Lurie (130013)
jordan.lurie@capstonelawyers.com
7 | 1840 Century Park East, Suite 450
Los Angeles, CA 90067
8 | Telephone: (310) 556-4811
Facsimile: (310) 943-0396
9
10 | *Attorneys for Plaintiff and
the Proposed Settlement Class*
11 | **BARNES & THORNBURG LLP**
Kevin D. Rising (211663)
12 | Kevin.Rising@btlaw.com
Levi W. Heath (220854)
13 | Levi.Heath@btlaw.com
Devin Stone (260326)
14 | Devin.Stone@btlaw.com
Telephone: (310) 284-3880
15 | Facsimile: (310) 284-3894
16 | *Attorneys for Defendant Defender
Security Company*
17

18

19 | **UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

20

21 | KAMI BROWN, on Behalf of Herself ) Case No: CV12-07319-CAS (PJW)
22 | and All Others Similarly Situated, )
) **CLASS ACTION**
23 | Plaintiff, )
) **SETTLEMENT AGREEMENT AND**
24 | v. ) **RELEASE AND RELATED**
) **EXHIBITS**
25 | DEFENDER SECURITY COMPANY )
d/b/a DEFENDER DIRECT, INC. and )
26 | PROTECT YOUR HOME; and DOES 1 ) Date: October 28, 2013
through 100, inclusive, ) Time: 10:00 a.m.
27 | ) Ctrm: 5
Defendants ) Judge: Honorable Christina A. Snyder
28 | )

## SETTLEMENT AGREEMENT AND RELEASE

This Agreement is made and entered into as of the 12th day of September 2013, by and between the Class Representative, individually and on behalf of Class Members, and Defendant Defender Security Company ("Defender").

## RECITALS

This Agreement is made for the following purpose and with reference to the following facts:

A. On or about July 25, 2012, the Class Representative filed a class action complaint against Defender in the Superior Court of the State of California, County of Los Angeles, thereby commencing that civil action entitled *Kami Brown v. Defender Security Company d/b/a Defender Direct, Inc. and Protect Your Home*, Case No. BC 489024. The Class Representative alleged, among other things, that Defender recorded and/or monitored telephone communications without the knowledge or consent of all of the parties to the telephone communication in violation of California Penal Code §§ 632 and 632.7 and sought statutory damages and injunctive relief.

B. On or about August 24, 2012, Defender removed the Action from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California, under Case No. 2:12-cv-07319-CAS-PJW.

C. On or about August 31, 2012, Defender filed its Motion to Dismiss the case under Federal Rule of Civil Procedure 12(b)(6). On September 24, 2012 the Class Representative opposed the Motion. Defender replied on October 5, 2012.

D. On or about October 22, 2012, the United States District Court denied Defender's Motion to Dismiss in its entirety.

E. On or about November 7, 2012, Defender filed an Answer to the Complaint.

F. Plaintiff engaged in extensive informal and formal discovery, including propounding and reviewing responses to interrogatories, requests for production of documents, and requests for admissions directed to Defender, and reviewing thousands of pages of documents and data related to the claims, defenses and alleged damages at issue in the Complaint.  Class Counsel are sufficiently familiar with the facts of the case and the applicable law to evaluate the fairness of the Settlement.

G. On May 29, 2013, the Parties participated in a full-day mediation before (Ret.) Justice Howard B. Wiener. A settlement was reached on the material terms of a proposed class action settlement agreement. Thereafter, the Parties mutually executed a Memorandum of Understanding ("MOU") setting forth those material terms.

H. Defender disputes the claims and contentions alleged in the Complaint and does not by this Agreement admit any liability or wrongdoing of any kind in the Action.  Defender expressly denies and continues to deny that it has committed or attempted to commit any violation of law or breached any alleged duties owed to the Class Representative or the members of the putative class.

I. Class Counsel and the Class Representative believe that the claims asserted in the Action possess merit and have examined and considered the benefits to be obtained under the proposed settlement set forth in this Agreement, the risks associated with the continued prosecution of the complex and potentially time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel has fully investigated the facts and law relevant to the merits of the

claims, conducted extensive discovery, and conducted an independent investigation. Class Counsel and the Class Representative have concluded that the proposed settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Class.

J.  The Parties have decided to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation. The Parties desire to settle the Action in its entirety with respect to all claims for recording or monitoring of telephone conversations by Defender. The Parties intend this Agreement to bind Defender, on the one hand, and Kami Brown (as Class Representative and individually), and all Class Members who do not request exclusion from the Class, on the other hand.

<u>TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT</u>

**NOW, THEREFORE**, in light of the foregoing, in consideration of the terms and conditions set forth herein, which the Parties acknowledge are good and valuable consideration for this Agreement, the Parties agree and stipulate, by and through their respective counsel of record, subject to approval by the Court, as follows:

## 1. Definitions.

As used in this Agreement and its incorporated Exhibits, the following terms have the meanings specified herein:

1) "Action" means the civil action filed in the Superior Court of the State of California, County of Los Angeles, entitled *Kami Brown v. Defender Security Company d/b/a Defender Direct, Inc. and Protect Your Home*, Case No. BC489024  and removed to and now pending in the United States District Court for the Central District of California under Case No. 2:12-cv-07319-CAS-PJW.

2) "Agreement" means this Settlement Agreement and Release entered into between Defender, on the one hand, and the Class Representative, individually and on

behalf of Class Members, on the other hand, in the Action, including all terms and conditions set forth herein.

3) "Attorneys Fee and Cost Award" means the amount to be awarded by the Court, in an amount not to exceed 30% of the Common Fund, which shall be payable to Class Counsel, for Class Counsel's attorneys' fees, and litigation costs in prosecuting the Action.

4) "Authorized Claimant" means those Class Members who submit a valid and timely Claim Form as more fully set forth herein to register their claim for recovery from the Common Fund under this Agreement.

5) "Claim Form" is the electronic or paper form that Class Members must complete and agree to under penalty of perjury stating entitlement to a claim and submit to the Claims Administrator, in the form of Exhibit A incorporated herein by reference.

6) "Claims Administrator" refers to the firm of KCC Class Action Services, LLC, which the Parties have agreed will be responsible for the administration of this class action settlement as more fully described herein, and whose fees, costs, and expenses shall be paid solely out of the Common Fund.  Defender will provide the Class List, defined *infra*, to the Claims Administrator after entry of the Court's Order Granting Preliminary Approval of Class Action Settlement, and the Claims Administrator will handle the Class List in accordance with that Order, as more fully described therein.

7) "Class" or "Class Member(s)" means all persons in California, who at any time during the Class Period participated in one or more inbound and/or outbound telephone conversations with employees, contractor, agents, subsidiaries, parents, or representatives of Defender or Defender's DBAs and whose calls were recorded or monitored by Defender.

8) "Class Counsel" refers to Zev B. Zysman and Jordan Lurie and their respective firms, the Law Offices of Zev B. Zysman APC and Capstone Law APC.

4

9)  "Class Compensation" is the amount of One Million, Four Hundred Thousand, U.S. Dollars ($1,400,000.00) in cash, to be deposited into the Common Fund.

10) "Class List" is the list to be supplied by Defender to the Claims Administrator, as ordered by the Court in its Order Granting Preliminary Approval of Class Action Settlement, from information reasonably in its possession of each of its current, prospective, and former customers who have a last known address or telephone number in California and who Defender has identified as having made a telephone call to, or received a telephone call from, Defender during the Class Period.  The Class List may be supplemented by the Claims Administrator with such information that the Claims Administrator may develop in order to assure that notice and an opportunity to participate in the settlement is provided to those potential class members identified on the Class List supplied by Defender.

11) "Class Notice" is the Notice of Class Action Settlement, in the form of Exhibit B, incorporated herein by reference.

12) "Class Period" is the period to which the settlement and this Agreement applies, July 25, 2011 through and including June 1, 2013.

13) "Class Representative" refers to Plaintiff Kami Brown as representative of the Class.

14) "Common Fund" is the One Million, Four Hundred Thousand, U.S. Dollars ($1,400,000.00) which shall be used to pay (i) all financial consideration to the Class Members who submit valid and timely Claim Forms as described in Section 8 below, (ii) the compensation to the Class Representative, (iii) all attorneys' fees and costs, and (iv) all costs of class notice and claims administration.

15) "Complaint" refers to the Complaint filed by Kami Brown in the Action.

16) "Court" means the United States District Court for the Central District of California in which this Action is pending, and to which presentation of this Agreement for judicial review and approval will be made.

17) "Cure Period" means the time period allotted to a claimant to cure defective or incomplete information on the Claim Form.

18) "Defender" refers to Defendant Defender Security Company d/b/a Defender Direct, an Indiana corporation, and each of its parents, predecessors, subsidiaries, affiliates, officers, directors, partners, agents, employees, servants, assignees, counsel, successors, and/or representatives.

19) "Defense Counsel" means Defender's counsel, Kevin D. Rising, Levi W. Heath, and Devin Stone at Barnes & Thornburg LLP.

20) "Effective Date" means the latter of the following: (i) thirty-one (31) calendar days following the date the Court enters an order granting final approval, assuming no appeal is filed; and (ii) if a timely appeal is filed, the date of final resolution of that appeal (including any requests for rehearing and/or petitions for certiorari), resulting in final judicial approval of the settlement..

21) "Final List of Individual Settlement Amounts" means a list that the Claims Administrator will provide to Class Counsel and Defense Counsel, as ordered by the Court in its Order Granting Preliminary Approval of Class Action Settlement, showing the number (only) of Authorized Claimants and the amount each Authorized Claimant will receive.

22) "Judgment" means the Final Order Approving Class Action Settlement and Judgment to be rendered by the Court, in the form of Exhibit C, incorporated herein by reference.

23) "Order Granting Preliminary Approval of Class Action Settlement" means the proposed order granting preliminary approval of the class action settlement in the form contained in Exhibit D, incorporated herein by reference.

24) "Party" refers individually to the Class Representative, on behalf of herself and Class Members, or Defender.   Collectively, they are referred to as the "Parties."

25) "Prorated Settlement Amount" is the amount of money to be paid to each Authorized Claimant, the calculation of which is set forth in Section 2.3 below.

26) "Settlement Amount" is the Common Fund less (i) all attorneys' fees and costs as ordered by the Court, (ii) compensation paid to the Class Representative; and (iii) less all costs of class notice and claims administration as allowed by the Court.

27) "Short Form Class Notice" is the version of the Notice of Class Action Settlement intended for newspaper publication and regular mail, in the form of Exhibit E, incorporated herein by reference.

## 2.  Settlement Payments and Procedures

(2.1) Defender shall deliver One Million, Four Hundred Thousand, U.S. Dollars ($1,400,000.00) to the Claims Administrator to place into the account set up to hold the Common Fund within fifteen (15) days following the entry of the Order Granting Preliminary Approval of Class Action Settlement.  In no event shall Defender be obligated under this Agreement or otherwise to pay to any Authorized Claimant more than his or her share of the Prorated Settlement Amount, in connection with this Agreement or the Action. Upon the Effective Date, Defender shall have no reversionary interest in any portion of the Common Fund, and any unclaimed and/or uncashed portion of the Common Fund shall be paid to the *cy pres* recipient as described in Section 11 below.

(2.2) The settlement proceeds shall be held prior to distribution in the Common Fund administered by KCC Class Action Services, LLC (the "Claims Administrator").  The Common Fund shall be held in demand deposit accounts with one or more banks as agreed by the Parties and the Claims Administrator.  The Common Fund shall be subject to the jurisdiction of the Court, until such funds are distributed pursuant to this Agreement and/or further orders of the Court. The Common Fund will serve as a "qualified settlement fund" under §468B of the Internal Revenue Code and Treasury regulations issued thereunder (collectively, the "IRS

Regulations"). The Parties and Claims Administrator shall take all actions reasonably required to administer the Common Fund as a qualified settlement fund under the IRS Regulations. The "administrator," as that term is used in the IRS Regulations, shall be the Claims Administrator. Interest earned on the Common Fund shall accrue to the Common Fund.

(2.3) Calculation of Prorated Settlement Amount to the Class. The Claims Administrator shall calculate the Prorated Settlement Amount by taking the Settlement Amount and dividing it by the number of Authorized Claimants (X) as represented in the following formula.

$$\text{Prorated Settlement Amount} = \frac{\text{Settlement Amount}}{X}$$

In no event shall the Prorated Settlement Amount exceed Five Thousand Dollars ($5,000) per Authorized Claimant.

(2.4) Distribution of Prorated Settlement Amount to Authorized Claimants. Each Authorized Claimant shall be entitled to a one-time distribution payment from the Settlement Amount which is equal to the Prorated Settlement Amount, up to a maximum amount of Five Thousand Dollars ($5,000.00) per Authorized Claimant.

(2.5) Enhancement Payment to the Class Representative. Subject to the approval of the Court, the Class Representative shall receive an Enhancement Payment, not to exceed Five Thousand Dollars ($5,000.00), which shall be payable out of the Common Fund. Defender shall not oppose or otherwise object to this request to the extent it does not exceed Five Thousand Dollars ($5,000.00). The Class Representative shall receive the Enhancement Payment within fifteen (15) calendar days after the Effective Date. The Parties represent that their negotiation of and agreement to the Enhancement Payment to the Class Representative did not occur until after the substantive terms of the Agreement had been negotiated and agreed to in principle with the assistance of (Ret.) Justice Howard B. Wiener.

(2.6) Payment of Class Counsel's Fees and Costs. (a) As part of the settlement, Class Counsel may apply to the Court for an award of attorneys' fees and costs in an amount not to exceed four hundred and twenty thousand dollars ($420,000), which is 30% of the Common Fund, and to be paid from the Common Fund, which application shall include all fees, litigation

8

expenses, and costs, of whatsoever kind or nature (including any fees, litigation expenses, and costs incurred by Class Counsel or any other professional working with Class Counsel), and to which Class Counsel shall be entitled as a result of the Action.  The Parties represent that the amount of the attorneys' fees and costs to be requested by Class Counsel was negotiated at arm's-length, and only after agreement was reached on all substantive terms of the settlement, with the assistance of (Ret.) Justice Howard B. Wiener.  Class Counsel's Attorneys Fees' and Cost Award shall not be separate from the Common Fund.  Defender agrees that it shall not oppose or in any way take steps to undermine Class Counsel's fees and costs application.

(b) Class Counsel's Attorneys Fees' and Cost Award as ordered by the Court shall be paid by the Claims administrator within fifteen (15) calendar days after the Effective Date.

(2.7)  Except as provided herein, Defender shall not be liable for any other attorneys' fees or litigation expenses and costs of Class Counsel, the Class Representative, or any other Class Member in connection with the Action or any claim that is related to this Action or that was or could have been alleged in the Action.  Except as otherwise provided above with respect to the Attorneys Fees and Cost Award, Class Counsel shall not seek any fees or expenses from Defender in connection with the Action and the settlement set forth herein, including, without limitation, any fees or expenses incurred in connection with final approval of the settlement, any objection(s) or appeal(s), expert fees, class notice or claims administration, or other fees or expenses.  Defender agrees that it will not seek to recover its costs, attorneys' fees, or expenses in connection with the Action from any Class Representative, Class Counsel, or any Class Member.

## 3.  Agreement Regarding Recording or Monitoring of Telephone Calls.

Defender agrees, that in response to this Lawsuit, it will not record and/or monitor calls with callers who are located in California without providing notice of recording or monitoring to those callers. Notwithstanding this provision, in no event shall Defender be obligated to implement procedures beyond those required by California law nor shall this Agreement create any affirmative obligation to monitor, oversee, or regulate.

4. Claims Administration and Procedure.

(4.1)  As directed by the Court in its Order Granting Preliminary Approval of Class Action Settlement, the Claims Administrator shall administer with Defender the process of notifying the Class; insuring compliance with further conditions for Authorized Claimants to be eligible to receive Prorated Settlement Amounts; receiving, handling, processing and paying claims; opening and maintaining an interest bearing trust account; setting up and maintaining a website for this settlement; and any other duties necessary for the proper administration of claims. The Claims Administrator shall ensure that the information that it receives from Defender and/or Class Members is secured and managed in such a way as to protect the security and confidentiality of the information, consistent with the privacy policies of Defender as well as applicable law. Except as specifically provided in this Agreement, the Claims Administrator shall not disclose or disseminate any information that it receives from Defender and Class Members to anyone, including Defender customer information, without the prior written consent of all Parties. The Claims Administrator will disseminate the: (1) Short Form Class Notice by regular mail as described in Section 5, below; (2) Short Form Class Notice to the Class by publication, as described in Section 5, below; and (3) Class Notice through its website.

(4.2)  All fees and costs incurred by the Claims Administrator shall be paid from the Common Fund after they are reviewed and approved by Class Counsel and Defense Counsel for Defender.  The Claims Administrator shall submit written status reports jointly to Defender, Defense Counsel and Class Counsel, on a bi-weekly basis.

5. Class Notice.

(5.0)  Within ten (10) days after the filing of the Unopposed Motion for Preliminary Approval and supporting Agreement, Defender shall serve the appropriate Federal and State officials with the required notice in accordance with the Class Action Fairness Act, 28 U.S.C. §1715(b).

(5.1) The Parties anticipate that many of the members of the Class will be able to be identified and located from the records of Defender.

(5.2) As for Class Members who are identified in the Class List, following entry of the Order Granting Preliminary Approval of Class Action Settlement and within thirty (30) days after receipt of the Class List, the Claims Administrator shall mail notice of the proposed class action settlement by regular mail substantially in the form of the Short Form Class Notice in a postcard format, containing instructions that the Claim Form can be accessed and filled out on the Settlement Website of the Claims Administrator, or upon request to the Claims Administrator, by mail for return to the Claims Administrator by mail.

(5.3) As for Class Members who are not identified in the Class List, within thirty (30) days after entry of the Order Granting Preliminary Approval of Class Action Settlement, the Claims Administrator shall arrange for (1) the publication substantially in the form of the Short Form Class Notice in the *USA Today* (California Edition) for at least a period of two days and an advertisement size of at least 1/4 of a page, which shall include the web address of the website, where the Claim Form may be accessed, filled out, and submitted and (2) the creation and maintenance of a Settlement Website where important information including the Class Notice will be posted.

(5.4) Individuals will be able to view the Class Notice and obtain, fill out, and submit a Claim Form online or in paper form, which will require, among other items of information, the individual's (1) his or her social security number or taxpayer identification number, (2) current address, (3) the phone number(s) on which the call(s) made to or from Defender were received, and (4) that the call(s) occurred during the Class Period. The social security number or taxpayer identification number shall only be used for tax reporting purposes only. The Claims Administrator shall accommodate reasonable requests by Class Members to submit their social security or taxpayer identification number to the Claims Administrator in a manner other than including it on the Claim Form. Class Counsel agrees that such information, is necessary to effectuate payment to Class Members, and specifically approves the information sought in the Claim Form.

(5.5) The Court shall order that no later than twenty (20) days after the Court's Order granting preliminary approval of this settlement and Agreement, Defender shall compile the Class List from its records and shall provide the Claims Administrator with the following

information for all persons Defender is reasonably capable of identifying from its records in the Class List: (a) name (if available); (b) last known mailing address (if available); and (c) telephone number (if available). Defender shall provide the telephone number of those potential Class Members customers for which Defender does not have a name or mailing address to the Class Administrator for the purpose of permitting the Class Administrator to ascertain that Class Member's mailing address through the "reverse lookup."

(5.6)   Within thirty (30) days after receipt of the Class List, the Claims Administrator shall send by regular mail the Short Form Class Notice to the last known mailing address of each person on the Class List, if ascertainable.

(5.7)   With respect to those persons whose Short Form Class Notice by regular mail is returned to the Claims Administrator as undeliverable, the Claims Administrator shall promptly attempt to obtain an updated address for that person, and if such an address is obtained, shall resend the Short Form Class Notice to that updated address. If the regular mail attempts at notice are unsuccessful, and/or a Class Member otherwise fails to follow the procedures set forth in this Agreement for submitting a claim or requesting exclusion from the Class, the notice procedures for Class Members not identified in the Class List shall be deemed to apply and the Class Member shall automatically be deemed a member of the Class whose rights and claims with respect to the issues raised in the Complaint are determined by the Court's Judgment approving the settlement of the class claim and this Action, and the Judgment, and by the other rulings in the Action.

(5.8)   The Parties agree that the Class Notice and Short Form Class Notice fairly inform the Class Members of the general nature of the litigation, the financial and other terms of the Agreement particularly significant for the Class Members, the general procedures for and consequences of making a claim and objecting to the Settlement Agreement, and date of the final fairness and approval hearing. If any additional requirements for giving notice to the Class are imposed by the Court or otherwise, Defender shall have the option to terminate this Agreement, and this Agreement shall be null and void and this Settlement of no force or effect. Defender must give notice of such termination in writing to Class Counsel no later than fourteen (14)

calendar days after the day that such additional notice requirement is imposed, or Defender will be deemed to have waived its right to do so.

(5.9)  Compliance with the procedures described herein shall constitute due and sufficient notice to Class Members of this proposed settlement for the final approval hearing, and shall satisfy the requirement of due process. Nothing else shall be required of, or done by, the Parties, Class Counsel, Defense Counsel, or the Claims Administrator to provide notice of the proposed settlement and the final approval hearing as described herein.

## 6.  Costs Associated With Providing Notice.

(6.1)  All costs and expenses associated with the giving of all notices to the Class Members as provided in this Agreement shall be fully and exclusively paid from the Common Fund, and no such costs and expenses shall be borne by Defender, and Defender shall not be liable to the Claims Administrator for any costs or expenses of Class Notice.

## 7.  Option to Terminate

(7.1)  In the event that the settlement is not granted final approval by the Court for any reason, including but not limited to Defender exercising a right granted herein to terminate this Agreement, then all costs of settlement administration and class notice actually incurred to the date of termination shall be paid by Defender.

## 8.  Claim Forms and Authorized Claimants.

(8.1)  For a Class Member to share in the Settlement Amount, his or her Claim Form must be completely filled out and electronically signed by the Class Member or his or her authorized representative, under penalty of perjury, acknowledging entitlement to a claim and the legality of the online electronic signature.  Although the preferred method of submitting the Claim Form shall be online through the website of the Claims Administrator, upon a specific request from a Class Member, the Claims Administrator may send to the Class Member and/or accept from the Class Member a paper claim form by U.S. Mail rather than a Claim Form submitted online. The Claim Form shall be deemed deficient by the Claims Administrator if it is not fully completed, and, accordingly, if submitted online, will be automatically rejected upon

the attempt to submit it online, or rejected after examination by the Claims Administrator if not submitted online, and such rejection will be made known to the claimant as soon as practicable after the attempt to submit the Claim Form, and such claimants shall be given until the Claim Period deadline to cure any deficiency.

(8.2)    The Claim Form must be submitted to the Claims Administrator no later than ninety (90) days after the date of the Court's Order granting preliminary approval of this settlement and Agreement ("Claim Period").  Any Claim Form that is submitted or returned to the Claims Administrator after the Claim Period will not be accepted and processed.

(8.3)    Promptly upon expiration of the Claim Period, the Claims Administrator will provide, in readable format such as in a Microsoft Excel spreadsheet, a summary of the submitted Claim Forms to Class Counsel and Defense Counsel.  Upon request, the Claims Administrator will provide, in a reasonable format, any or all of the actual Claims Forms to Class Counsel and Defense Counsel.

(8.4)    Defender shall have the option to research the basis of each or any claimant's claim, including the accuracy of the information provided on the Claim Form, to verify the propriety and accuracy of each claim.  Defender shall have fourteen (14) days from its receipt of the summary of the Claims Forms to notify Class Counsel, and the Claims Administrator that it is exercising this option. If Defender exercises this option, and then determines that the information provided in any individual Claim Form is inaccurate, Defender shall notify Class Counsel and the Claims Administrator and the Claim Form shall be deemed deficient.  If Defender does not determine that the information is inaccurate, the Claim Form shall be deemed valid and the Class Member shall become an "Authorized Claimant."

(8.5)    Should Defender deem a Claim Form deficient as described in section 8.4, above, then the Claims Administrator shall e-mail or mail a copy of the deficient Claim Form to the e-mail or mail address of the person submitting the claim and Class Counsel. The claimant shall have a thirty (30) day period from the date of the e-mail or mail to cure the defective or incomplete information on the Claim Form ("Cure Period").

(8.6)     Should Defender deem a Claim Form deficient as described in section 8.4, above, and the claimant is unable to cure the deficiency during the Cure Period, then said claimant's rights as a Class Member to pursue any claims covered by the Action will be extinguished and said Class Member will not be permitted to recover from the Common Fund.

(8.7)     If Defender exercises the option as provided in Section 8.4, above, then the review process described in Section 8.4, above, shall be completed within one hundred and twenty (100) days after the conclusion of the Claim Period.

(8.8)     Any Class Member who fails to submit a timely Claim Form to the Claims Administrator by following the procedure set forth in the Class Notice and/or who also fails to file a request for exclusion from the Class shall automatically be deemed a Class Member whose rights and claims with respect to the issues raised in the Complaint and Action are determined by the Court's Final Order approving this settlement, the Judgment, and by the other rulings in the Action.  Thus, said Class Member's rights to pursue any claims covered by the Action will be extinguished and said Class Member will not be permitted to recover from the Common Fund.

(8.9)     If any Class Member submits a deficient Claim Form as described above, and fails to cure the deficiency within the Cure Period, then said Class Member's rights to pursue any claims covered by the Action will be extinguished and said Class Member will not be permitted to recover from the Settlement Amount.  Neither the Claims Administrator nor the Parties shall have any further obligation to notify such Class Member or to send another Claim Form to such Class Member.

(8.10)    Within fifteen (15) days after the later of (1) Effective Date, (2) the end of the Claim Period, or (3) the resolution of all disputes over individual settlement amounts or Authorized Claimants (including Defender's option to research the claims as provided in Section 8.4), the Claims Administrator will provide a list ("Final List of Individual Settlement Amounts") to Class Counsel and Defense Counsel showing the name, address, and individual settlement amounts for each Authorized Claimant who will receive settlement proceeds from the Settlement Amount.

## 9. Exclusion From the Class

(9.1)     Any Class Member may request to be excluded from the Class (i.e., "opt out") by mailing a letter, by first class mail to the Claims Administrator and copying Class Counsel and Defense Counsel, containing a statement that he or she requests to be excluded from the Class. Any such request must be made in accordance with the terms set forth in the Class Notice and will be timely only if postmarked no later than ninety (90) days, after the date of the Court's Order granting preliminary approval of the this settlement and Agreement (the "Exclusion Period"). The timeliness of any request for exclusion shall be conclusively determined by the postmark date. Upon receipt of an exclusion request, the Claims Administrator shall provide a copy of the request to Class Counsel and Defense Counsel. No later than five (5) days after the Exclusion Period, the Claims Administrator shall provide Class Counsel and Defense Counsel with a list of the Class Members who have requested exclusion from the Class.

(9.2)     If more than two hundred (200) Class Members request exclusion from the Class within the permissible time period as described in the preceding section, Defender shall have the option to terminate this Agreement; if Defender terminates this Agreement, this Agreement shall be null and void and this Settlement shall have no force or effect. Defender shall give notice of such termination in writing to Class Counsel, the Claims Administrator and Defense Counsel for the other Party no later than fourteen (14) days after the day it receives the list of Class Members who have requested exclusion from the Class as described in Section 9.1, above. If Defender notifies Class Counsel that it has elected to terminate the Agreement according to this subparagraph, Class Counsel may attempt to cause retraction of any election of exclusion by a Class Member or Members. If Class Counsel, prior to the date set for Final Approval Hearing succeeds in causing the retraction of sufficient requests for exclusion such that the number of exclusions no longer exceeds two hundred (200), Defender's notice of withdrawal shall be a nullity.

## 10.  Obtaining Preliminary Court Approval of the Agreement and Certification of Settlement Class.

(10.1)   Upon full execution of the Agreement, the Parties shall take all necessary steps to obtain an Order from the Court substantially in the form of the Order Granting Preliminary Approval of Class Action Settlement, granting conditional approval of the settlement and certifying a Settlement Class, and produce the Class List to the Claims Administrator in order to effect notice and protect the rights of Class Members, all as set forth in this Agreement.  The Parties agree that the Court may make preliminary findings in connection with the Order subject to final findings and ratification of the Judgment.

(10.2)   The Proposed Order granting preliminary approval of the settlement shall include the following timeline regarding claims administration:

| | |
|---|---|
| Last day for Defendant to deposit $1,400,000 with The Claims Administrator | 15 days after entry of Preliminary Approval Order |
| Last day for Defendant to provide the Claims Administrator with The Class List | 20 days after entry of Preliminary Approval Order |
| Last Day for Claims Administrator to begin mailing Short Form Class Notice | 30 days after receipt of Class List |
| Last day for Claims Administrator to begin publishing Short Form Notice in a newspaper and publish Class Notice on dedicated Settlement Website in accordance with Section 5.3 above | 30 days after entry of Preliminary Approval Order |
| Last day for Plaintiff to file application for attorneys' fees and costs, and Class Representative's Enhancement Payment | 76 days after entry of Preliminary Approval Order |
| Last day for claim forms, requests for exclusion and objections to the settlement to be postmarked and/or filed by Class Members | 90 days after entry of Preliminary Approval Order |
| Last day for Plaintiff to file motion for final approval of settlement and response to any objections | 110 days after entry of Preliminary Approval Order |

| Hearing on motion for final approval of settlement and application for attorneys' fees and costs, class representative's service payment, and claims | Approximately 120 days after entry of Preliminary Approval Order |
|---|---|

(10.3)   If the Court does not approve the settlement contemplated by and embodied in this Agreement, then this Agreement shall terminate and be of no force or effect, unless the Parties voluntarily agree to modify this Agreement in the manner necessary to obtain Court approval.  If this Agreement is terminated or for any reason does not occur (in whole or in part), any orders certifying a Settlement Class shall be vacated, the Action shall then proceed with no certified class and the Class Representative shall be entitled to bring a motion for class certification and the Court shall establish a deadline for the Class Representative to bring such motion.  In such circumstances, Defender may file a motion for a determination that no class can be certified.

## 11.  *Cy Pres* Distribution of Settlement Amount Remainder.

(11.1) Subject to the approval of the Court, in the event that any portion of the Common Fund remains unclaimed, or any check paid to any Authorized Claimant remains uncashed for more than one hundred twenty (120) days after issuance, then such unclaimed or uncashed funds will revert to the Class for *cy pres* distribution to Consumer Federation of America which is a non-profit organization qualified under IRC § 501(c)(3) that educates organizations and/or consumers in California regarding issues relating to protection of privacy, identity, and personal information.

## 12.   Final Approval, Judgment, and Dismissal with Prejudice.

(12.1)   After the Court's preliminary approval of the settlement and the provision of notice to the Class as set forth above, the Parties shall take all necessary steps to obtain final approval of the settlement from the Court and to thereafter effectuate the settlement, including entry of the Judgment in the Action, addressing any appellate issues, and obtaining any necessary further orders from the Court.  The final approval hearing shall take place no less than one hundred and twenty (120) days after entry of the Court's Order granting preliminary approval of the settlement.

(12.2)    Plaintiff shall file a motion for final approval of the settlement, no later than one hundred and ten (110) days after the date of the Court's Order granting preliminary approval of the settlement.  Class Counsel shall prepare and file a motion in support of the Attorneys' Fee and Cost Award and Class Representative's Enhancement Payment not later than fourteen (14) days before the objection deadline.

(12.3)    In the event any objections to the settlement are filed, including any objections to the requested attorneys' fees and costs or Class Representative's Enhancement Payment, the Parties, either individually or jointly, may file a response to such objections no later than one hundred and ten (110) days after the date of the Court's Order granting preliminary approval of the settlement, concurrently with Plaintiff's motion in support of final approval.

(12.4)    As part of the process of obtaining final approval of the settlement, the Proposed Judgment, shall be submitted to the Court with the Motion for Final Approval of the settlement. At the time of the final hearing by the Court, and if the Court provides final approval of the settlement, the Parties shall request the Court immediately execute and enter the mutually-agreed upon Judgment.

(12.5)    At the hearing on final approval of settlement, the Class Representative shall dismiss with prejudice all causes of action that she brought against Defender provided that the Court grants final approval.

13.   Compensation to Authorized Claimants.

(13.1)    If Defender has not exercised the option provided in Section 8.4 of this Agreement to research the basis for the submitted claims, then within five (5) days after the date the Claims Administrator provides the Final List of Individual Settlement Amounts to Class Counsel and Defense Counsel, the Claims Administrator shall promptly proceed to distribute proceeds from the Settlement Amount to each Authorized Claimant.  If Defender has exercised its option provided in Section 8.4 of this Agreement to research the basis for the submitted claims, then within the later of thirty (30) days after the date that Defender has notified the Claims Administrator that it has completed its research or sixty (60) days after the Effective Date, but in no event later than three hundred (300) days after the Effective Date, the Claims

19

Administrator shall promptly proceed to distribute proceeds from the Settlement Amount to each Authorized Claimant.

(13.2)   The Parties expect that the Claims Administrator shall conduct all administration of disbursements of the Settlement Amount and otherwise manage the Settlement Amount.  The Claims Administrator shall establish a toll-free phone number for Class Members to call to answer questions regarding their claims.  Additionally, the Claims Administrator will communicate with Class Counsel and Defense Counsel on a regular basis regarding such distributions and any issues arising from such distributions.

14.  Release, Waiver, and Covenant Not to Sue.

(14.1)   Upon entry of the Judgment, Class Representative, for herself and on behalf of each member of the Class who has not submitted a valid and timely request for exclusion from the Class, and their respective heirs, assigns, successors, agents, attorneys, executors, and representatives, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, irrevocably, and forever released Defender and, whether or not specifically named herein, each of its past or present directors, officers, employees, agents, insurers or reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, affiliates, related companies, affiliated companies, parents, subsidiaries, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, divisions, predecessors, successors, and assigns, from any and all liabilities, claims, causes of action, damages, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or potential, suspected or unsuspected, which were asserted or could have been asserted in the Action and are related to the claims asserted in the Action, including, without limitation, any and all claims relating to the transactions, actions, conduct or events that are the subject of the Action, and any and all claims arising out of the institution, prosecution, assertion, settlement or resolution of the Action, and any all claims relating to the recording and/or monitoring of telephone calls to or from Class Members ("Released Claims").

(14.2)   By operation of the entry of the Judgment, the Class Representative, for herself and on behalf of each member of the Class, agrees to waive in connection with the Released Claims any and all provisions, rights and benefits, which she now has or in the future may have

been conferred to her by section 1542 of the California Civil Code ("Section 1542") or any comparable statutory or common law provision of any other jurisdiction.  Section 1542 reads as follows:

> Certain Claims Not Affected by General Release: A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his settlement with the debtor.

Although the releases granted under this Agreement are not general releases, Class Representative, for herself and each member of the Class, nonetheless expressly acknowledges that, to the extent permitted by law, she is waiving in connection with the Released Claims the protections of Section 1542 and of any comparable statutory or common law provision of any other jurisdiction.

(14.3)    Except for proceedings to enforce the terms of this Settlement Agreement, upon entry of Judgment, the Class Representative, for herself and on behalf of each member of the Class, shall be deemed to have, and by operation of the Judgment shall have agreed not to file, maintain, cause or knowingly permit the filing or maintenance of any lawsuit, administrative action, or other proceeding, in any state, federal or foreign court, or before any local, state, federal or foreign administrative agency, or any other tribunal, that arises from or relates to any of the Released Claims.

## 15.    Court to Retain Jurisdiction.

Notwithstanding the entry of Judgment, the Court shall retain jurisdiction of the Action until such time as the Court determines that the settlement is fully consummated according to the terms and conditions of this Agreement.

## 16.    No Admission of Liability.

(16.1)    The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims.  No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be

deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made or an acknowledgment or admission by any Party of any fault, liability or wrongdoing of any kind whatsoever.

(16.2)   Neither the Agreement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement, is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim made by the Class Members, Class Counsel, or anyone else.

## 17.  Collateral Attack and Res Judicata.

(17.1)   This Agreement shall not be subject to collateral attack by any Class Member or any recipient of the Class Notice after the Judgment is entered.  Such prohibited collateral attacks shall include but are not limited to claims that the procedures for claims administration were incorrect, or that the Class Member failed for any reason to receive timely notice of the procedure for submitting a Claim Form or disputing the calculation of his or her individual share of the Settlement Amount.

(17.2)   To the extent permitted by law, the Agreement and/or Judgment may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of this Agreement.  Defender may file this Agreement and/or the Judgment in any action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

## 18.  Non-Evidentiary Use.

Except as provided herein, neither this Agreement nor any of its terms shall be offered or used as evidence by any of the Parties, Class Members, or their respective counsel in the Action or in any other action or proceeding; provided, however, that nothing contained in this section shall prevent this Agreement from being used, offered, or received in evidence in any proceeding to enforce, construe, or finalize the settlement and this Agreement.

19.   Nullification.

(19.1)   If (1) the Court should for any reason fail to sign the Preliminary Order Granting Preliminary Approval of Class Action Settlement; or (2) the Court should for any reason fail to approve this Agreement in the form agreed to by the Parties; or (3) the Court should for any reason fail to enter the Judgment; or (4) the Judgment is reversed, modified, or declared or rendered void; or (5) the Court should for any reason fail to dismiss with prejudice the Class Representative's causes of action; or (6) Defender terminates this Agreement for reasons permitted herein, then (i) this Agreement shall be considered null and void, notwithstanding the severability clause in this Agreement, (ii) neither this Agreement nor any of the related negotiations or proceedings shall be of any force or effect, (iii) all Parties to this Agreement shall stand in the same position, without prejudice, as if the Agreement had been neither entered into nor filed with the Court, (iv) Class Representative and Class Counsel shall make repayment to the Claims Administrator of any disbursements they received from the Common Fund, and (v) the Claims Administrator shall return to Defender any portion of the Common Fund that has not been paid to the Claims Administrator pursuant to the terms of this Agreement in connection with the costs of providing of notice to the Class and claims administration.

(19.2)   In the event that for any reason final distribution of the Common Fund does not occur (for example, because this Agreement and/or the Judgment is modified or reversed on appeal, or this Agreement is canceled, rescinded, terminated, voided, or nullified), the entire Common Fund shall remain the sole property of Defender and any sums previously distributed shall be returned to Defender except for those sums paid to the Claims Administrator pursuant to the terms of this Agreement in connection with providing of notice to the Class and claims administration.

(19.3)   In the event of a timely appeal from the Judgment, the Judgment shall be stayed, the fees and reimbursement of expenses to Class Counsel shall not be paid, and the Common Fund shall not be distributed to Authorized Claimants pending the completion of the appeal.

20.   Confidentiality and Non-Disparagement Clause.

(20.1)   In order to ensure that all information provided to the Class Members regarding the terms and conditions of this Settlement Agreement is content-neutral and has been approved by the Court in substance, the Parties agree that no press release shall be made concerning this Agreement except as required by law or to effectuate the Agreement.  Nothing herein shall prevent Class Counsel from making statements in Court filings concerning the settlement of this matter and their role as Class Counsel, or shall prevent the Parties from responding to press inquiries.

(20.2)   The Parties shall abstain from making, publishing, posting, aiding, or authorizing the publication of any false or defamatory statements to any other persons about each other.

21.   Extensions of Time.

Unless otherwise ordered by the Court, the Parties may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement.

22.   No Pending Action.

Each of the Parties represents and warrants that she or it is not aware of any other lawsuits or administrative proceedings involving Defender regarding the subject matter of the Action.

23.   Integration.

This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof.  No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided herein.

24.___ Construction and Intent.

(24.1)    This Agreement is executed voluntarily by each of the Parties without any duress or undue influence on the part, or on behalf, of any of them. This Agreement has been negotiated at arms-length by parties of equal bargaining power, and drafted jointly by Class Counsel and Defense Counsel. Each of the Parties has had full opportunity to review and consider the contents of this Agreement, have read and fully understand the provisions of this Agreement, and have relied on the advice and representation of legal counsel of their own choosing. In the event that a dispute arises with respect to this Agreement, no Party shall assert that any other Party is the drafter of this Agreement, for purposes of resolving ambiguities that may be contained herein. If any provision of this Agreement shall be deemed ambiguous, such provision shall not be construed against any Party on the basis of the identity of the purported drafter of this Agreement.

(24.2)    The Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Action.

(24.3)    The Parties agree that the Agreement was negotiated in good faith by the Parties. Should it be become necessary or desirable, in the sole and unfettered discretion of Defender, to seek the determination of a court (whether in the Action or in any other present or future proceeding) that the terms of settlement set forth in this Agreement constitute a "good faith settlement" for purposes of California Code of Civil Procedure section 877.6 or any other law or doctrine of this or any other jurisdiction of similar effect, the Class Representative (individually and on behalf of Class Members) and Defender agree not to oppose such a Court determination.

(24.4)    The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute part of this Agreement.

(24.5)    As used in this Agreement, the masculine, feminine or neutral gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

## 25.  Governing Law.

The Agreement shall be construed in accordance with, and be governed by, the laws of the State of California, without regard to the principles thereof regarding choice of law.  The sole and exclusive forum for resolution of any disputes arising under or related to this agreement shall be the United States District Court for the Central District of California or, if and only if that court does not have subject matter jurisdiction, the state courts located in Los Angeles County, California.

## 26.  Survival of Warranties and Representations.

The warranties and representations of this Agreement are deemed to survive the date of execution hereof.

## 27.  Representative Capacity.

Each person executing this Agreement in a representative capacity represents and warrants that he or she is empowered to do so.

## 28.  Counterparts.

This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts.  The Agreement may be executed by facsimile and portable document format (PDF) signature.

## 29.  Cooperation of the Parties.

(29.1)   The Parties acknowledge that it is their intent to consummate this Agreement and agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Agreement. Specifically, the Parties to this Agreement agree to prepare and execute all documents, to seek Court approvals, defend Court approvals, and to do

all things reasonably necessary to complete the settlement described in this Agreement. Further, the Parties will comply in good faith with the terms and conditions of the Agreement.

(29.2)    Should any dispute arise among the Parties or their respective counsel regarding the implementation or interpretation of this Agreement, a representative of Class Counsel and a representative of Defense Counsel shall meet and confer in an attempt to resolve such disputes prior to submitting such disputes to the Court. In addition, any of the Parties may request that any such dispute be mediated by the Justice Howard B. Weiner (Ret.), with the costs of such mediation being split equally among the Parties.

## 30.   Severability.

If any portion, provision, or part of this Agreement is held, determined or judged to be invalid, unenforceable, or void, for any reason whatsoever, each such portion, provision, or part shall be severed from the remaining portions, provisions, or parts of this Agreement and shall not affect the validity or enforceability of such remaining portions, provisions, or parts, unless doing so would deprive a Party a benefit of its bargain.

## 31.   Notices.

(31.1)    All notices and documents to Class Counsel and Defense Counsel provided for herein shall be sent via email in portable document format (pdf) or, if too large to send in that format, by U.S. Mail.

(31.2)    Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of notice to the Class.

## 32.    Modification and Amendment.

This Agreement may be amended or modified only by a written instrument signed by the Parties' counsel and approved by the Court.

33.   Binding on Successors and Assigns.

        The Agreement shall be binding upon, and inure to the benefit of, the successors and
assigns of the Parties hereto.

34.   Procedures for Making Objections to the Settlement

        (34.1)   Any Class Member who has not requested exclusion may object to the terms of
the settlement, including but not limited to Class Counsel's application for attorneys' fees and
litigation expenses and/or the Class Representative's Enhancement  Payment.   Written objections
must be filed with the Court, and delivered to Class Counsel and Defense Counsel at the
addresses set forth below, no later than ninety (90) days after the date of the Court's Order
granting preliminary approval of the settlement.   The delivery date is deemed to be the date the
objection is deposited in the U.S. Mail as evidenced by the postmark.   Any written objections
must state: (a) the name of the Action, "*Brown v. Defender Security Company, et al.* "; (b) the
full name, address and telephone number of the person objections; (c) a statement that the person
is a Class Member; (d) a statement of each objection; and (e) a written brief detailing the specific
reasons, if any, for each objection, including any legal and factual support the objector wishes to
bring to the Court's attention and any evidence the objector wishes to introduce in support of the
objection(s).   The objection will not be valid if it only objects to the Action's appropriateness or
merits.   Any Class Member who files and serves a written objection, as described in this
paragraph, has the option to appear at the Final Approval Hearing, either in person or through
personal counsel hired at the Class Member's expense, to object to the Agreement.   However,
Class Members, or their attorneys, intending to make an appearance at the Final Approval
Hearing, must also deliver to Class Counsel and Defense Counsel, and file with the Court, a
Notice of Intention to Appear no later than ninety (90) days after the date of the Court's Order
granting preliminary approval of the settlement.   Only Class Members who file and serve timely
Notices of Intention to Appear may speak at the Final Approval Hearing.   Class Members who
fail to make objections in this manner will be deemed to have waived any objections and will be
foreclosed from making any objections (whether by a subsequent objection, intervention, appeal,
or any other process) to the Agreement.   If any objection is rejected or overruled, such Class
Member will be bound by the final judgment as if he or she had not objected.

(34.2)    Any written objections to the settlement and/or notice of intent to appear as described above must be filed with the Court and delivered to the Parties no later than ninety (90) days after the date of the Court's Order granting preliminary approval of the settlement. The timeliness of objections shall be determined the date of filing with the Court. Objections and/or Notices of Intention to Appear must be served on the Parties at the following addresses:

Class Counsel:

Zev B. Zysman
Law Offices of Zev B. Zysman APC
15760 Ventura Boulevard Suite 1915
Encino, CA 91436

Jordan L. Lurie
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, CA 90067

Defense Counsel:

Kevin D. Rising
Levi W. Heath
Devin Stone
BARNES & THORNBURG LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

(34.3)    Class Members who do not file their objections and/or notices of intent to appear in the manner set forth herein will be deemed to have waived all objections and will not be entitled to be heard at the settlement approval hearing. Any objector to the settlement must submit a timely and valid Claim in order to participate in the settlement in the event his or her objection is rejected.

35.Responsibility for Taxes

(35.1) Class Counsel understands and agrees that Class Members are solely and entirely responsible for all liens, reimbursement requests, or any other claims asserted by a governmental entity or third party that exist or which might arise, or be asserted in connection with the Class

Representative's claims, the Settlement Amount, or this Agreement including any and all claims made, sought or imposed by the Internal Revenue Service, the Tax Board, and/or any other federal, state or local taxing board and/or agency in regard to any amounts due, or claimed to be due, by the Class.  Class Counsel understands and agrees to hold harmless and fully indemnify Defendant and its agents and attorneys from any such claims against Defender by any governmental entity or third party.


All of the foregoing is agreed to as of the date first written above.

*[Signatures begin on following page]*

Dated: September 9, 2013

KAMI BROWN, ON BEHALF OF
HERSELF AND AS CLASS
REPRESENTATIVE

By: *Kami Brown*

Dated: September 9, 2013

DEFENDER SECURITY COMPANY

By: *[signature]*

Its: VP & CFO

Agreed as to form:

Dated: September 9, 2013

LAW OFFICES OF ZEV B. ZYSMAN
A Professional Corporation

By: _____
    Zev B. Zysman

CAPSTONE LAW APC

By: _____
    Jordan L. Lurie
    Attorneys for Plaintiff Kami Brown

31

Dated:  September 9, 2013          KAMI BROWN, ON BEHALF OF
                                   HERSELF AND AS CLASS
                                   REPRESENTATIVE


                                   By:_____



Dated:  September 9, 2013          DEFENDER SECURITY COMPANY


                                   By:_____

                                   Its: _____

Agreed as to form:


Dated:  September 9, 2013


                                   LAW OFFICES OF ZEV B. ZYSMAN
                                   A Professional Corporation

                                   By:_____
                                      Zev B. Zysman

                                   CAPSTONE LAW APC

                                   By:_____
                                      Jordan L. Lurie
                                      Attorneys for Plaintiff Kami Brown


31

Dated:  September 12, 2013                    BARNES & THORNBURG LLP

                                    By: _____ / RJS for

                                        Kevin D. Rising
                                        Levi W. Heath
                                        Devin Stone

                                        Attorneys for Defendant Defender
                                        Security Company

EXHIBIT A

| *Kami Brown v. Defender Security Company d/b/a Defender Direct, Inc.* | United States District Court for the Central District of California<br><br>Case No. 2:12-cv-07319-CAS-PJW |
|---|---|

## CLAIM FORM

**INSTRUCTIONS: IN ORDER FOR YOU TO RECEIVE PAYMENT AS PART OF THE SETTLEMENT IN THE ABOVE ACTION, YOU MUST COMPLETE THIS FORM FOLLOWING THE PROCEDURES OUTLINED BELOW AND SUBMIT IT NO LATER THAN [INSERT: MONTH, DAY, YEAR]**

**I.   Personal Information.**  Please provide the following information:

| Name (first, middle and last): | |
|---|---|
| Address: | |
| City, State, Zip Code: | |
| Email Address: | |
| Telephone Number: | |
| Social Security or Taxpayer I.D. Number: | |

**Please note:**  If you provide incomplete, incorrect, or inaccurate information, your claim may be denied.  The information you provide above will be used for processing of your claim and will not be used or released for any other purpose.  **Also note that your Social Security Number or Taxpayer I.D. Number is necessary for tax reporting purposes. The Claims Administrator has adopted industry-accepted safeguards to protect the privacy of your personal information.**

**II.   Claim Information**

1.      Please review the statements below and check the box and/or fill in the blanks as they apply to you.

☐    I placed one or more telephone calls to, and spoke with a representative on behalf of, Defender Security Company (doing business as Protect Your Home, Enjoy Better TV, Defender Direct, Adex Security, True Blue Water Solutions, True Energy Smart Air, True Home, True.Home, and True Home Security) during the period from July 25, 2011 through June 1, 2013.

AND/OR

☐   I received one or more telephone calls from, and spoke with a representative on behalf of, Defender Security Company during the period from July 25, 2011 through June 1, 2013.

2.      The telephone number or number(s) on the phone(s) I was using at the time of the telephone call(s) identified in No. 1, above, is/are the following:

_____

3.      At the time, I made or received the telephone call(s) identified in No. 1, above, I was located in California.

☐   Yes

☐   No

4.      During one or more of the telephone call(s) identified in No. 1, above, I was not notified that the call may be monitored and/or recorded.

☐   Yes

☐   No

BY MY SUBMISSION BELOW, I HEREBY CERTIFY, UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES, THE STATE OF CALIFORNIA AND THE STATE OF MY RESIDENCE, THAT THE FOREGOING INFORMATION IS TRUE AND CORRECT.

THIS FORM MUST BE COMPLETED AND SUBMITTED TO THE CLAIMS ADMINISTRATOR, ELECTRONICALLY OR BY U.S. MAIL ON OR BEFORE **[INSERT MONTH, DATE YEAR]**

IF THE CLAIM FORM IS SUBMITTED BY U.S. MAIL, THE ADDRESS OF THE CLAIMS ADMINISTRATOR IS: KCC Class Action Services, LLC_____

FOR ONLINE SUBMISSIONS:

☐ By checking this box and clicking "Submit" below, I acknowledge that I have read, understand, and agree to be bound by the conditions of this Claim Form.

{SUBMIT}

EXHIBIT B

| | |
|---|---|
| *Kami Brown v. Defender Security Company d/b/a Defender Direct, Inc.* | United States District Court for the Central District of California<br><br>Case No. 2:12-cv-07319-CAS-PJW<br><br>NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION AND FINAL HEARING |

## NOTICE OF CLASS ACTION SETTLEMENT

ATTENTION ALL PERSONS IN CALIFORNIA WHO HAD TELEPHONE CALLS WITH DEFENDER SECURITY COMPANY YOU MAY BE ENTITLED TO MONETARY RECOVERY

There is now pending in the United States District Court for the Central District of California ("Court") a lawsuit entitled *Kami Brown v. Defender Security Company d/b/a Defender Direct, Inc.*, *Case* No. 2:12-cv-07319-CAS-PJW, which involves allegations that telephone calls with Defender Security Company ("Defender"), were monitored and/or recorded without providing notice that the calls may be monitored or recorded. Defender has denied and continues to deny any liability, and there has been no finding that Defender has violated any laws.

## THE CLASS

You are a Class Member and a proposed class action settlement (the "Settlement") could affect your legal rights if you were in California and:

(a) placed one or more telephone calls to Defender between July 25, 2011 and June 1, 2013, spoke with a representative on behalf of Defender, and were not provided with notice that the call may be recorded or monitored; and/or

(b) received one or more telephone calls from Defender between July 25, 2011 and June 1, 2013, spoke with a representative on behalf of Defender, and were not provided with notice that the call may be recorded or monitored (the "Settlement Class").

If you qualify to be in the Settlement Class, you are a Class Member and may be entitled to payment of money from the Settlement Amount.

## THE ACTION AND THE SETTLEMENT

This class action arose out of allegations regarding Defender monitoring and/or recording telephone calls with current, prospective, and former customers without always giving notification that the call may be recorded or monitored and/or obtaining consent to recording or monitoring.

Representative Plaintiff Kami Brown ("Representative Plaintiff") alleged in the Complaint that Defender monitored and/or recorded telephone calls without notice to or consent of the parties to the telephone calls in violation of applicable telephone privacy and/or recording laws. Representative Plaintiff sought fixed damages under the applicable laws, injunctive relief, and an award of attorneys' fees and costs.

Defender has denied liability and disputes all allegations and claims set forth in the Complaint. However, the Parties have nonetheless decided to negotiate a settlement of this action in order to avoid the burden, expense and uncertainty of further litigation. Further, the Parties, after a thorough investigation of the facts and applicable law concerning all claims and defenses, have agreed that the proposed settlement is in the best interest of all Class Members and that the proposed settlement is fair, reasonable and adequate.

Without admitting liability, One Million Four Hundred Thousand Dollars ($1,400,000) (the "Common Fund") will be paid to settle the case. The Common Fund, less any attorneys' fees and costs awarded by the Court to Class Counsel, a service payment to the Representative Plaintiff, as well as the costs of class notice and claims administration will be the "Settlement Amount." The Settlement Amount will be distributed to the Class Members in the form of a check. Any unclaimed or uncashed funds will be paid to the Consumer Federation of America, which is a non-profit organization(s) qualified under 501(c)(3) of the Internal Revenue Code that educates organizations and/or individual consumers in California regarding issues relating to protection of privacy, identity, and personal information.

Subject to approval of the settlement by the Court, each member of the Settlement Class who does not request exclusion from the Class and who submits a valid claim as described below shall be entitled to one-time distribution payment. The actual amount received by each Class Member will depend on the number of valid claims submitted and approved by the Claims Administrator. Payments to the Class Members will be calculated by dividing the Settlement Amount by the number of authorized claimants. The maximum individual settlement amount for a Class Member who was in California at the time of any telephone call with Defender during the class period is $5,000.

Moreover, in response to this Lawsuit, Defender will not record and/or monitor calls with callers who are located in California without providing notice of recording or monitoring to those callers. Notwithstanding this provision, in no event shall Defender be obligated to implement procedures beyond those required by

California law nor shall this Agreement create any affirmative obligation to monitor, oversee, or regulate.

## FINAL JUDGMENT AND RELEASE OF ALL CLAIMS

If the Court approves the proposed settlement, it will enter a final judgment in the action on the merits as to all Class Members who do not request to be excluded from the Settlement Class. All Class Members who submit claims, and all Class Members who do not validly and timely request to be excluded from the proposed settlement, shall be subject to a binding judgment in favor of the Defender. All such Class Members shall be forever barred from prosecuting their own lawsuits and shall be deemed to have released Defender and its agents and representatives from all claims, causes of action or losses of any kind whatsoever relating to the monitoring and/or the recording of telephone calls that any Class Member has or may claim to have against such persons that are based upon, arise out of, or in any way relate to any of the acts, omissions or other conduct that were or could have been alleged or otherwise referred to in the action.

## HOW TO MAKE A CLAIM

Subject to the approval of the settlement by the Court, if you want to participate in the settlement, you must complete and submit online or in paper form the Claim Form that is available on the Internet at the following web address: [claims administrator web address] no later than [90 days after preliminary approval of the settlement has been granted by the Court]. You may request a Claim Form in paper form by calling _____, and submit a Claim Form in paper form by sending it to the Claims Administrator, [claims administrator address], by U.S. First Class mail, such that it is postmarked no later than [90 days after preliminary approval of the settlement has been granted by the Court]

**It is highly recommended that you retain proof of submitting your Claim Form.**

If you choose to participate in the settlement by submitting a Claim Form, you will be bound by all of the provisions of the Settlement Agreement and Release, including a full release of claims that will prevent you from separately suing Defender and its agents and representatives.

**If you move during the pendency of the Lawsuit, please contact the Claims Administrator to update your address.**

## HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT

You have the right to exclude yourself from the Settlement Class and the settlement. If you wish to be excluded, you must complete and send a written Request for Exclusion, containing: (1) the name of the Lawsuit, "*Brown v. Defender Security Company, Inc.* Case No. 2:12-cv-07319-CAS-PJW; (2) your name; (3) your address; (4) your telephone number; (5) a statement you are a Class Member but wish to be excluded from the *Brown*

settlement; and (6) your signature, sent by U.S. First Class mail and postmarked no later than [90 days after preliminary approval of the settlement has been granted by the Court]_____ to the Claims Administrator at the following address:

Claims Administrator: [address]

If you timely and validly request exclusion from the Settlement Class, you will be excluded from the Settlement Class, you will receive none of the Settlement Amount, and you will not be bound by the Judgment entered in the action.

## HOW TO OBJECT TO THE SETTLEMENT

If you wish to object to the settlement, you must (1) file a written objection with the Clerk of the Court, U.S. District Court for the Central District of California, 312 N. Spring Street, Los Angeles, California 90012 and (2) serve such objection upon Class Counsel and Defendant's Counsel at the addresses set forth below. Any written objections must state (a) the name of the Lawsuit, "*Brown v. Defender Security Company, Inc.*" Case No. 2:12-cv-07319-CAS-PJW; (b) the full name, address and telephone number of the person objecting; (c) a statement that the person is a Class Member; (d) a statement of each objection; and (e) a written brief detailing the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s). If your objection is rejected or overruled, you will be bound by the final judgment as if you had not objected, so you must file a timely and valid Claim Form to participate even if you choose to object.

To be considered, the objection papers must be received by the Court and delivered or postmarked to Class Counsel and Defendant's Counsel no later than [90 days after preliminary approval of the settlement has been granted by the Court] as follows:

Class Counsel:

| | |
|---|---|
| Zev B. Zysman | Jordan L. Lurie |
| Law Offices of Zev Zysman APC | Capstone Law APC |
| 15760 Ventura Boulevard Suite 1915 | 1840 Century Park East, Suite 450 |
| Encino, CA 91436 | Los Angeles, CA 90067 |
| Tel: 818-783-8836 | Tel: 310-556-4811 |

Defense Counsel:

Kevin D. Rising
Levi W. Heath
Devin Stone
BARNES & THORNBURG LLP

2049 Century Park East, Suite 3550
Los Angeles, CA 90067
Tel: 310-284-3880

Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and will not be entitled to be heard at the settlement approval hearing. You may, but need not, file and serve your objection through counsel of your choice. If you do, you will be responsible for your personal attorneys' fees and costs. Class Counsel will file with the Court and post on the Settlement Website at [website] their motion for attorneys' fees and costs two weeks prior to [objection deadline].

If you file and serve a written objection, you may appear at the Final Fairness and Approval Hearing, either in person or through personal counsel hired at your expense, to object to the Agreement. However, if you, or your attorney, intend to make an appearance at the Final Fairness and Approval Hearing, you must also deliver to Class Counsel and Defense Counsel, and file with the Court, a Notice of Intention to Appear no later than [90 days after preliminary approval of the settlement has been granted by the Court]. _____

## TAKING NO ACTION

If you take no action in response to this Notice, you will not receive any portion of the Settlement Amount, but you will still be bound by the release in the Lawsuit. You will be forever barred from instituting an action or claim asserting any of the Released Claims, as described above and in the Settlement Agreement and Release.

## ADDITIONAL INFORMATION

The full terms of the settlement are in the Settlement Agreement and Release on file with the Clerk of the Court, and available on the website of the Claims Administrator at [insert website link]. Other filings with the Court may also be available on this website. The Settlement Agreement and Release shall govern where there is any conflict between it and this Notice.

This description of the action is general and does not cover all of the issues and proceedings thus far. In order to see the complete file including the individual terms of the settlement, you should visit during normal business hours the Clerk of the Court, U.S. District Court for the Central District of California, 312 N. Spring Street, Los Angeles, California 90012. The Clerk will inform you as to how to obtain the file relating to this lawsuit for inspection and copying at your own expense.

## NOTICE OF COURT HEARING

The Settlement is subject to final Court approval and a hearing for that purpose has been scheduled for [date] before the Honorable Christina A. Snyder in Courtroom 5 of the United States District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles, California 90012 ("the Final Fairness and Approval

Hearing"). You are currently represented by the Class Counsel. However, you may retain your own counsel, if you choose, at your own expense. At the Final Fairness and Approval Hearing, Class Counsel will ask the Court to enter an Order finally approving the settlement and entering judgment. Class Counsel will also apply for an award of attorneys' fees not to exceed thirty percent (30%) of the Common Fund, and an enhancement payment of $5,000 to the Representative Plaintiff, both of which shall be paid from the Common Fund.

YOU MAY CONTACT THE CLAIMS ADMINISTRATOR WITH ANY QUESTIONS AT [TOLL FREE NUMBER]. YOU MAY REQUEST A COPY OF THE COMPLAINT, THE SETTLEMENT AGREEMENT AND RELEASE, AND CERTAIN OTHER FILINGS IN THE LAWSUIT. MANY OF THESE DOCUMENTS ARE ALSO AVAILABLE ON THE SETTLEMENT WEBSITE AT [web address]. YOU MAY ALSO VIEW THE FILES FOR THE CASE BY VISITING THE COURT CLERK'S OFFICE.

**PLEASE DO NOT CONTACT THE COURT**
**OR DEFENSE COUNSEL WITH ANY QUESTIONS**

EXHIBIT C

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10                              WESTERN DIVISION

11

12   KAMI BROWN, on Behalf of Herself
     and All Others Similarly Situated,          Case No. CV 12-07319-CAS (PJWx)

13
                   Plaintiff,
14                                               **[PROPOSED] FINAL ORDER
            vs.                                  APPROVING CLASS ACTION
15                                               SETTLEMENT AND JUDGMENT**

     DEFENDER SECURITY COMPANY
16   d/b/a DEFENDER DIRECT, INC.  and
     PROTECT YOUR HOME; and DOES
17   1 through 100, inclusive,

18
                   Defendant.
19

20

21          The Court conducted a hearing regarding the fairness and final approval of

22   the Settlement Agreement and Plaintiffs attorneys' fees and costs and Class

23   Representative's Compensation in this action on _____, 20___, at _____

24   _.m., the Honorable Christina A. Snyder presiding.  The parties appeared by and

25   through their respective counsel of record.

26

27

28
                                          1.

1    After considering the papers and the arguments of counsel, as well as any
2    papers filed by objectors, and good cause appearing, the Court GRANTS Plaintiff's
3    Motion for Final Approval and Judgment, and Plaintiff's Application for Attorneys'
4    Fees and Costs and Class Representative's Compensation, and rules as follows.
5    **FINDINGS:**
6        **1.**    The Settlement Agreement and Release (hereafter, the "Settlement
7    Agreement"), previously filed with the Court, and all definitions set forth therein
8    are hereby incorporated with and made part of this Final Order Approving Class
9    Action Settlement and Judgment ("Final Order and Judgment").
10       **2.**    This Court has jurisdiction over the subject matter of this Action and
11   all parties to this Action, including the settlement Class Members, as defined in
12   Section 1.7 of the Settlement Agreement.  Specifically, the members of the Class
13   that are subject to this Final Order and Judgment are all persons in California, who
14   at any time between July 25, 2011 and June 1, 2013 participated in one or more
15   inbound and/or outbound telephone conversations with employees, contractors,
16   agents, subsidiaries, parents of representatives of Defendant Defender Security
17   Company ("Defender") and whose calls were recorded or monitored by Defender.
18       **3.**    The Settlement Agreement, and the terms set forth therein, are hereby
19   found and determined to be fair, reasonable, and adequate, and are hereby approved
20   and ordered to be performed by all parties.  Defender shall have no liability to Class
21   Members or any other persons, for any acts performed in connection with the
22   administration of the Settlement Agreement, including, but not limited to, the
23   requirement that Class Members provide information in order to qualify as
24   Authorized Claimants.
25       **4.**    The Court finds that the form, manner and content of the Class Notice
26   and Short Form Class Notice described in the Settlement Agreement, and specified
27   in Exhibits B and E to the Settlement Agreement, provided a means of notice
28   reasonably calculated to apprise the Class Members of the pendency of the action

2.

1   and the proposed settlement, and thereby met the requirements of Rule 23(c)(2) of
2   the Federal Rules of Civil Procedure, as well as due process under the United States
3   Constitution, and any other applicable law, and constituted due and sufficient notice
4   to all Class Members entitled thereto.  Specifically, individual notice was provided
5   to Class Members by regular mail where available, and class notice was provided to
6   all potential Class Members by publishing such notice on the Settlement Website
7   and in the California edition of *USA Today* for at least a period of two days and an
8   advertisement size of at least 1/4 of a page.

9       **5.**     This Final Order and Judgment applies to all claims or causes of action
10  settled under the terms of the Settlement Agreement, and shall be fully binding with
11  respect to all Class Members who did not properly request exclusion pursuant to the
12  Order Granting Preliminary Approval of Class Action Settlement entered by this
13  Court on _____, 2013.

14      **6.**     Representative Plaintiff Kami Brown and all Class Members who did
15  not properly request exclusion are barred and permanently enjoined from asserting,
16  instituting, or prosecuting, either directly or indirectly, any claims released under
17  the Settlement Agreement which they had, or have, to the extent provided in the
18  Settlement Agreement.   All claims of Representative Plaintiff and all Class
19  Members shall be conclusively deemed released and discharged as to Defender and
20  its related entities, to the extent provided in the Settlement Agreement.

21      **7.**     The Claims Administrator shall conduct all administration of the
22  Common Fund in accordance with the Settlement Agreement.   The Claims
23  Administrator shall prepare and issue all disbursements to Authorized Claimants,
24  and any remaining unclaimed or uncashed funds shall be distributed to the
25  Consumer Federation of America which is a non-profit organization qualified under
26  IRC § 501(c)(3) that educates organizations and/or consumers in California
27  regarding issues relating to protection of privacy, identity, and personal
28  information.

3.

1    **8.**    The Claims Administrator shall issue the appropriate Prorated

2    Settlement Amount to each Authorized Claimant within the time periods specified

3    in the Settlement Agreement.

4    **9.**    All claims asserted by Representative Plaintiff and the Class Members

5    in this Action are hereby dismissed with prejudice.

6    **10.**    The Court finds that Class Counsel are qualified to represent the

7    settlement Class.  The Court hereby grants Class Counsel's request for an award of

8    attorneys' fees and costs in the total amount of $_____,

9    which shall be paid out of the Common Fund within the time periods specified in

10   the Settlement Agreement.  The Court finds that the amount of this award is fair

11   and reasonable in light of the efforts expended by Class Counsel in prosecuting this

12   Action and the results obtained.

13   **11.**    The Court finds that it is appropriate for the Class Representative to be

14   paid a one-time payment of Five Thousand Dollars ($5,000.00) as compensation for

15   instituting, prosecuting and bearing the laboring oar and risk of this litigation as

16   Class Representative.  This payment shall be made out of the Common Fund within

17   the time periods specified in the Settlement Agreement.

18   **12.**    The Court approves payment to KCC Class Actions Services, LLC to

19   be paid out of the Common Fund for all expenses incurred in providing notice to

20   the Class and administering the Settlement.

21   **13.**    Without affecting the finality of this Final Order and Judgment in any

22   way, the Court hereby retains continuing jurisdiction over the parties for the

23   purpose of construing, enforcing and administering this Final Order and Judgment,

24   and the terms of the Settlement Agreement.

25

26   Dated:_____        _____

27                                              Hon. Christina A. Snyder
                                                United States District Court Judge

28

4.

# EXHIBIT D

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10                                WESTERN DIVISION

11

12  KAMI BROWN, on Behalf of Herself
    and All Others Similarly Situated,         Case No. CV 12-07319-CAS (PJWx)
13
                     Plaintiff,
14                                              [PROPOSED] ORDER GRANTING
          vs.                                   PRELIMINARY APPROVAL OF
15                                              CLASS ACTION SETTLEMENT,
    DEFENDER SECURITY COMPANY                   CONDITIONALLY CERTIFYING A
16  d/b/a DEFENDER DIRECT, INC. and             SETTLEMENT CLASS,
    PROTECT YOUR HOME; and DOES                 APPROVING FORM OF NOTICE
17  1 through 100, inclusive,                   TO THE CLASS AND SETTING
                                                HEARING OF FINAL APPROVAL
18                                              OF SETTLEMENT
                     Defendant.
19

20

21
          On _____, 2013, this Court heard plaintiff Kami Brown's unopposed
22
    motion for preliminary approval of class settlement and provisional class
23
    certification under Rule 23(e) of the Federal Rules of Civil Procedure.  This Court
24
    reviewed the motion, including the Settlement Agreement and Release
25
    ("Agreement").  Based on this review and the findings below, the Court found good
26
    cause to grant the motion.
27

28
                                            1.

**FINDINGS:**

1.     For purposes of this Order, the Court adopts and incorporates all definitions set forth in the Settlement Agreement and Release ("Settlement Agreement"), filed with the Court.

2.     The Court finds that the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and other laws and rules applicable to preliminary settlement approval of class actions have been satisfied, and the Court preliminarily approves the settlement of this Action as memorialized in the Settlement Agreement, which is incorporated herein by this reference, as being fair, just, reasonable and adequate to the settlement Class and its members, subject to further consideration at the Final Fairness and Approval Hearing described below, and thus hereby:

(a) conditionally certifies for purposes of implementing the Settlement Agreement only the Class consisting of all persons in California, who at any time between July 25, 2011 and June 1, 2013 participated in one or more inbound and/or outbound telephone conversations with employees, contractors, agents, subsidiaries, parents of representatives of Defendant Defender Security Company ("Defender") and whose calls were recorded or monitored by Defender;

(b) appoints Plaintiff Kami Brown as the representative of the Class; and

(c) appoints Zev B. Zysman, Esq., Law Offices of Zev B. Zysman, APC and Jordan L. Lurie, Esq., Capstone Law APC as attorneys for the Class for purposes of settlement and finds for the purposes of settlement that these attorneys are qualified to represent the Class.

3.     A hearing (the "Final Fairness and Approval Hearing") shall be held on _____, _____, at _____ before the Honorable Christina A. Snyder, in Courtroom 5 of the United States District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles, California 90012. At

1   that time, the Court shall determine: (a) whether the proposed settlement of the
2   Action on the terms and conditions provided for in the Settlement Agreement is
3   fair, just, reasonable and adequate and should be finally approved; (b) whether
4   judgment as provided in the Settlement Agreement should be entered herein; and
5   (c) whether to approve Class Counsel's application for an award of attorneys' fees
6   and costs, and Plaintiff Kami Brown's application for an enhancement payment.
7   The Court may continue or adjourn the Final Fairness and Approval Hearing
8   without further notice to members of the Class.

9       **4.**    The Court approves, as to form and content, the Class Notice attached
10  to the Settlement Agreement as Exhibit B, the Short Form Class Notice attached to
11  the Settlement Agreement as Exhibit E, and the Claim Form attached to the
12  Settlement Agreement as Exhibit A. The Court finds that distribution of the Short
13  Form Class Notice and publication of the Class Notice and the Short Form Notice
14  in the manner set forth in this Order and the Settlement Agreement constitutes the
15  best notice practicable under the circumstances, and constitutes valid, due and
16  sufficient notice to all members of the Class, complying fully with the requirements
17  of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United
18  States, and any other applicable laws. The forms of notice set forth herein and in
19  the Settlement Agreement provide a means of notice reasonably calculated to
20  apprise the Class Members of the pendency of the action and the proposed
21  settlement, and thereby meet the requirements of Rule 23(c)(2) of the Federal Rules
22  of Civil Procedure, as well as due process under the United States Constitution and
23  any other applicable law, and shall constitute due and sufficient notice to all Class
24  Members entitled thereto.

25      **5.**    The Court approves the selection of KCC Class Action Services, LLC
26  to be the Claims Administrator. The Claims Administrator shall administer the
27  applicable provisions of the Settlement Agreement, including, but not limited to,
28  distributing and providing the class notice, receiving and examining claims, setting

up and maintaining a website for this settlement, calculating the Prorated Settlement Amount, preparing and issuing all disbursements of the Prorated Settlement Amount to Authorized Claimants, handling inquiries about the calculation of the individual Prorated Settlement Amounts, and any other duties necessary for the proper administration of claims. All fees and costs of the Claims Administrator shall be paid out of the Common Fund established by Defender.

6. Defender shall deliver One Million, Four Hundred Thousand, U.S. Dollars ($1,400,000.00) to the Claims Administrator to place into the account set up to hold the Common Fund within fifteen (15) days following the entry of the Order Granting Preliminary Approval of Class Action Settlement in the manner specified in the Agreement.

7. The Claims Administrator also shall conduct all administration of disbursements of the Prorated Settlement Amount and otherwise manage the Prorated Settlement Amount. The Claims Administrator shall establish a toll-free phone number for Class Members to call to answer questions regarding their claims.

8. The Claims Administrator shall ensure that the information that it receives from Defender and Class Members is secured and managed in such a way as to protect the security and confidentiality of the information, consistent with the privacy policies of Defender as well as applicable law. Except as specifically provided in the Settlement Agreement, the Claims Administrator will not disclose or disseminate any information that it receives from Defender and Class Members to anyone, without the prior written consent of all Parties.

9. No later than twenty (20) days of this Order, Defender shall compile a list (the "Class List") from information reasonably in its possession of each of its current, prospective, and former customers who has a last known address or telephone number in California and who Defender has identified as having made a telephone call to, or received a telephone call from, Defender between July 25,

4.

2011 and June 1, 2013 (the "Class Period"), and shall provide such Class List to the Claims Administrator.  This Class List shall include: (a) name (if available); (b) last known mailing address (if available); and (c) telephone number (if available). Defender will provide the telephone number of those potential Class Members for which Defender does not have a name or mailing address to the Class Administrator for the purpose of permitting the Class Administrator to ascertain that Class Member's mailing address.

10.  No later than thirty (30) days after receipt of the Class List, the Claims Administrator shall mail the Short Form Class Notice to the last known mailing address of each person on the Class List for whom an address was provided

11.  With respect to those customers whose Short Form Notice by regular mail is returned to the Claims Administrator as undeliverable, the Claims Administrator shall promptly attempt to obtain an updated address for that customer, and if such an address is obtained, shall resend the Short Form Notice to that updated address

12.  No later than thirty (30) days after the date of this Order, notice also will be provided by publication of the Class Notice on the Settlement Website and the Short Form Class Notice in the California edition of *USA Today* for at least a period of two days and an advertisement size of at least 1/4 of a page, which shall include the web address of the Claims Administrator's website, with the Class Notice and where the Claim Form may be accessed, filled out, and submitted.

13.  No later than thirty (30) days after the second day of publication of the Short Form Notice in the California edition of *USA Today*, the Claims Administrator shall provide Defense Counsel and Class Counsel with a declaration attesting to completion of the publication notice process and the individual notice process (except for any ongoing attempt to obtain and verify valid mailing addresses for, and the re-sending of, any returned notices of the Class Settlement). Class Counsel shall file this declaration with the Court in connection with its

5.

1 | motion for final approval of the settlement

2 | **14.**     Any person may request to be excluded from the Class by mailing a
3 | letter, by first class mail to the Claims Administrator, containing a statement that he
4 | or she requests to be excluded from the Class.  Any such request must be made in
5 | accordance with the terms set forth in the Class Notice and will be timely only if
6 | postmarked no later than ninety (90) days after this Order (said period being the
7 | "Exclusion Period").

8 | **15.**     No later than five (5) days after the Exclusion Period, the Claims
9 | Administrator shall provide Defense Counsel and Class Counsel with a list of the
10 | names of all Class Members who have requested exclusion from the Class.  Within
11 | fifteen (15) days after the later of (1) Effective Date, (2) the end of the Claim
12 | Period, or (3) the resolution of all disputes over individual settlement amounts or
13 | Authorized Claimants (including Defender's option to research the claims as
14 | provided in Section 8.4 of the Agreement), the Claims Administrator will provide a
15 | list ("Final List of Individual Settlement Amounts") to Class Counsel and Defense
16 | Counsel showing the name, address, and individual settlement amounts for each
17 | Authorized Claimant who will receive settlement proceeds from the Settlement
18 | Amount.

19 | **16.**     If more than two hundred (200) Class Members request exclusion
20 | from the Class within the Exclusion Period, Defender shall have the option to
21 | terminate the Settlement Agreement and the settlement proceedings, and this Order
22 | shall be null and void and the settlement of no force and effect.  The notice of
23 | termination shall be promptly filed with the Court by counsel for Defender.  If
24 | Defender notifies Class Counsel that it has elected to terminate the Agreement,
25 | Class Counsel may attempt to cause retraction of any elections of exclusion by a
26 | Class Member(s).  If Class Counsel, prior to the date of the Final Fairness and
27 | Approval Hearing, succeeds in causing retraction of sufficient requests for
28 | exclusion such that the number of exclusions no longer exceeds two hundred (200),

1  Defender's notice of withdrawal shall be a nullity.

2  **17.**   In order to be an Authorized Claimant entitled to settlement funds, the
3  Claim Form must be electronically submitted or postmarked by mail to the Claims
4  Administrator no later than ninety (90) days after Preliminary Approval ("Claim
5  Period").   The Court approves the form of the Claim Form attached to the
6  Settlement Agreement as Exhibit A, and the information requested therein.
7  Defender shall have no liability to Class Members or any other persons, for any acts
8  performed in accordance with the terms of the Settlement Agreement, including,
9  but not limited to, the requirement that Class Members provide information in order
10  to qualify as Authorized Claimants as set forth in the Claim Form.

11  **18.**   Class Counsel shall file a motion for final approval of settlement no
12  later than one hundred and ten (110) days after the date of this Order.   Class
13  Counsel shall also file any papers supporting its request for attorneys' fees and
14  costs, and the Class Representative's service payment with the Court at least
15  fourteen (14) days prior to the deadline for Class Members to object to the
16  Settlement.   The application for attorneys' fees and costs shall be posted on the
17  website of the Claims Administrator so that it may be reviewed and printed out by
18  any member of the Class.

19  **19.**   Any Class Members wishing to object to the approval of the
20  Settlement or the award of attorneys' fees and reimbursement of expenses to Class
21  Counsel or the Class Representative's service payment ("Objecting Class
22  Members") shall no later than ninety (90) days after the date of the Court's Order
23  granting preliminary approval of the settlement, file a written objection with this
24  Court, and deliver upon Class Counsel and Defense Counsel at the addresses below,
25  such written objection and copies of any papers and briefs desired to be considered
26  by the Court, together with proof of membership in the Settlement Class in the
27  manner set forth in the Class Notice.   The delivery date is deemed to be the date the
28  objection is deposited in the U.S. Mail as evidenced by the postmark.

7.

**Class Counsel:**

Zev B. Zysman, Esq.
Law Offices of Zev B. Zysman, APC
15760 Ventura Boulevard, Suite 1915
Encino, CA  91436


Jordan L Lurie, Esq.
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, CA 90067

**Defense Counsel:**

Kevin D. Rising
Levi W. Heath
Devin Stone
BARNES & THORNBURG LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

Any Class Member who has filed and served such written objections may, but is not required to, appear himself or herself, or through counsel, at the Final Fairness and Approval Hearing, to object to the approval of the Settlement, the award of attorneys' fees and reimbursement of expenses to Class Counsel, or the Class Representative's service payment.   However, Class Members, or their attorneys, intending to make an appearance at the Final Fairness and Approval Hearing, must also deliver to Class Counsel and Defense Counsel, and file with the Court, a Notice of Intention to Appear no later than ninety (90) days after the date of the Court's Order granting preliminary approval of the settlement. Only Class Members who file and serve timely Notices of Intention to Appear may speak at the Final Fairness and Approval Hearing

20.    Any settlement Class Member who does not make his, her or its objection(s) in the manner so provided herein and in the Class Notice shall be

8.

deemed to have waived such objection(s) and shall forever be foreclosed from making any objection(s) to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, the award of attorneys' fees and reimbursement of expenses to Class Counsel, or the Class Representative's service payment, and the right to appeal any orders that are entered relating thereto, unless otherwise ordered by the Court.

21.     The Court reserves the right to adjourn the date of the Final Fairness and Approval Hearing and any adjournment thereof may be without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the settlement.   The Court may approve the settlement, with such modifications as may be agreed to by the parties to the settlement, if appropriate, without further notice to the Class.

Dated:_____     _____
                            Hon. Christina A. Snyder
                            United States District Court Judge

# EXHIBIT E

**Short notice**

| | |
|---|---|
| *Kami Brown v. Defender Security Company d/b/a Defender Direct, Inc.* | United States District Court for the Central District of California<br><br>Case No. 2:12-cv-07319-CAS-PJW<br><br><br>NOTICE OF PENDENCY AND<br>SETTLEMENT OF CLASS ACTION |

**ATTENTION ALL PERSONS IN CALIFORNIA WHO HAD TELEPHONE CALLS WITH DEFENDER SECURITY COMPANY BETWEEN JULY 25, 2011 AND JUNE 1, 2013**

There is now pending in the United States District Court for the Central District of California ("Court") a lawsuit *entitled Kami Brown v. Defender Security Company d/b/a Defender Direct, Inc., Case* No. 2:12-cv-07319-CAS-PJW (the "Lawsuit"), which involves allegations that telephone calls with Defender Security Company (doing business as Protect Your Home, Enjoy Better TV, Defender Direct, Adex Security, True Blue Water Solutions, True Energy Smart Air, True Home, True.Home, and True Home Security) ("Defender") , were monitored and/or recorded without providing notice. Defender has denied and continues to deny any liability, and there has been no finding that Defender has violated any laws.

A Settlement has been reached.  If you meet the criteria below, you may be a member of the Settlement Class and entitled to file a claim for monetary recovery.

This Notice is only a summary. You can obtain the full class action notice, which explains the Settlement and your rights under it, by visiting [website].

## THE CLASS AND THE SETTLEMENT

You are a Class Member to a proposed class action settlement (the "Settlement") which could affect your legal rights if you were in California and placed or received one or more telephone calls to or from Defender between July 25, 2011 and June 1, 2013, spoke with a representative on behalf of Defender, and were not provided with notice that the call may be recorded or monitored (the "Settlement Class").

If you qualify to be in the Settlement Class, you are a Class Member and may be entitled to payment of money from the Settlement Amount.

Without admitting liability, One Million Four Hundred Thousand Dollars ($1,400,000) will be paid to settle the case, less any attorneys' fees and costs awarded by the Court to

Class Counsel and a service payment to the Representative Plaintiff, as well as the costs of Class Notice and claims administration ("Settlement Amount").

Subject to approval by the Court, each member of the Settlement Class who does not request exclusion from the class and who submits a valid claim as described below shall be entitled to a one-time distribution payment. The actual amount received by each Class Member will depend on the number of claims submitted and approved by the Claims Administrator and will be determined by a formula set forth in the full description of the Settlement, which may be obtained by visiting [website]. Any unclaimed or uncashed funds will be paid to the Consumer Federation of America, which is a non-profit organization qualified under 501(c)(3) of the Internal Revenue Code that educates organizations and/or individual consumers in California regarding issues relating to protection of privacy, identity, and personal information.

## HOW TO MAKE A CLAIM

If you are a Class Member and wish to receive a portion of the Settlement Amount, you must fill out and submit a valid Claim Form online or in paper form that is available at the following website: [website]. This must be done no later than _____, 2013.

## FINAL JUDGMENT AND RELEASE OF ALL CLAIMS

If the Court approves the proposed settlement, it will enter a final judgment in the action on the merits as to all Class Members who do not request to be excluded from the Settlement Class. All Class Members who submit valid claims, and all Class Members who do not validly and timely request to be excluded from the proposed settlement, shall be subject to a binding judgment in favor of Defender. All such Class Members shall be forever barred from prosecuting their own lawsuits and shall be deemed to have released Defender and its agents from all claims, causes of action or losses of any kind whatsoever relating to the monitoring and/or recording of telephone calls which any Class Member has or may claim to have against such persons which are based upon, arise out of, or in any way relate to any of the acts, omissions or other conduct that were or could have been alleged or otherwise referred to in the Lawsuit.

## NOTICE OF COURT HEARING

The Settlement is subject to final Court approval and a hearing for that purpose has been scheduled for [date] before the Honorable Christina A. Snyder in Courtroom 5 of the United States District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles, California 90012 ("the Final Fairness and Approval Hearing"), to consider whether to grant final approval to the proposed Settlement, including Class Counsel's request for attorneys' fees and costs in an amount not to exceed thirty percent (30%) of the Common Fund, and an incentive payment of $5,000 to the Representative Plaintiff Kami Brown, both of which shall be paid out of the Common Fund. You have the right to appear at the hearing, although you do not have to.

You may comment on, or object to, the terms of the proposed settlement by _____, 2013. The full notice describes how to submit comments or objections.

**TO EXCLUDE YOURSELF FROM THE SETTLEMENT**

If you do not wish to participate in or be bound by the proposed Settlement, you must exclude yourself as described in the full notice, by _____, 2013, or you will be barred from prosecuting any legal action against Defender related to the settled claims.  If you exclude yourself, you may NOT file a claim and you will not receive compensation under the Settlement.  To view the full notice or fill out the Claim Form, please visit [website].

**PLEASE DO NOT CONTACT THE COURT OR DEFENSE COUNSEL WITH ANY QUESTIONS**