1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10                          WESTERN DIVISION

11

12 | KAMI BROWN, on Behalf of Herself
   | and All Others Similarly Situated,          Case No. CV 12-07319-CAS (PJWx)

13
   |                                             ORDER GRANTING
14 |         Plaintiff,                           PRELIMINARY APPROVAL OF
   |                                             CLASS ACTION SETTLEMENT,
15 |      vs.                                     CONDITIONALLY CERTIFYING A
   |                                             SETTLEMENT CLASS,
16 | DEFENDER SECURITY COMPANY                    APPROVING FORM OF NOTICE
   | d/b/a DEFENDER DIRECT, INC.  and             TO THE CLASS AND SETTING
17 | PROTECT YOUR HOME; and DOES                  HEARING OF FINAL APPROVAL
   | 1 through 100, inclusive,                    OF SETTLEMENT
18
19 |         Defendant.

20

21        On October 28, 2013, this Court heard plaintiff Kami Brown's unopposed

22 motion for preliminary approval of class settlement and provisional class

23 certification under Rule 23(e) of the Federal Rules of Civil Procedure.  This Court

24 reviewed the motion, including the Settlement Agreement and Release

25 ("Agreement").  Based on this review and the findings below, the Court found good

26 cause to grant the motion.

27

28

1.

**PRELIMINARY APPROVAL AND PROVISIONAL CLASS CERTIFICATION ORDER**

**FINDINGS:**

**1.** For purposes of this Order, the Court adopts and incorporates all definitions set forth in the Settlement Agreement and Release ("Settlement Agreement"), filed with the Court.

**2.** The Court finds that the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and other laws and rules applicable to preliminary settlement approval of class actions have been satisfied, and the Court preliminarily approves the settlement of this Action as memorialized in the Settlement Agreement, which is incorporated herein by this reference, as being fair, just, reasonable and adequate to the settlement Class and its members, subject to further consideration at the Final Fairness and Approval Hearing described below, and thus hereby:

(a) conditionally certifies for purposes of implementing the Settlement Agreement only the Class consisting of all persons in California, who at any time between July 25, 2011 and June 1, 2013 participated in one or more inbound and/or outbound telephone conversations with employees, contractors, agents, subsidiaries, parents of representatives of Defendant Defender Security Company ("Defender") and whose calls were recorded or monitored by Defender;

(b) appoints Plaintiff Kami Brown as the representative of the Class; and

(c) appoints Zev B. Zysman, Esq., Law Offices of Zev B. Zysman, APC and Jordan L. Lurie, Esq., Capstone Law APC as attorneys for the Class for purposes of settlement and finds for the purposes of settlement that these attorneys are qualified to represent the Class.

**3.** A hearing (the "Final Fairness and Approval Hearing") shall be held on Monday, March 3, 2014, at 10:00 a.m. before the Honorable Christina A. Snyder, in Courtroom 5 of the United States District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles, California 90012. At

2.

that time, the Court shall determine:  (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, just, reasonable and adequate and should be finally approved; (b) whether judgment as provided in the Settlement Agreement should be entered herein; and (c) whether to approve Class Counsel's application for an award of attorneys' fees and costs, and Plaintiff Kami Brown's application for an enhancement payment. The Court may continue or adjourn the Final Fairness and Approval Hearing without further notice to members of the Class.

4. The Court approves, as to form and content, the Class Notice attached to the Settlement Agreement as Exhibit B, the Short Form Class Notice attached to the Settlement Agreement as Exhibit E, and the Claim Form attached to the Settlement Agreement as Exhibit A.  The Court finds that distribution of the Short Form Class Notice and publication of the Class Notice and the Short Form Notice in the manner set forth in this Order and the Settlement Agreement constitutes the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to all members of the Class, complying fully with the requirements of  Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States,  and any other applicable laws.  The forms of notice set forth herein and in the Settlement Agreement provide a means of notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed settlement, and thereby meet the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States Constitution and any other applicable law, and shall constitute due and sufficient notice to all Class Members entitled thereto.

5. The Court approves the selection of KCC Class Action Services, LLC to be the Claims Administrator.  The Claims Administrator shall administer the applicable provisions of the Settlement Agreement, including, but not limited to, distributing and providing the class notice, receiving and examining claims, setting

3.

up and maintaining a website for this settlement, calculating the Prorated Settlement Amount, preparing and issuing all disbursements of the Prorated Settlement Amount to Authorized Claimants, handling inquiries about the calculation of the individual Prorated Settlement Amounts, and any other duties necessary for the proper administration of claims.  All fees and costs of the Claims Administrator shall be paid out of the Common Fund established by Defender.

6.      Defender shall deliver One Million, Four Hundred Thousand, U.S. Dollars ($1,400,000.00) to the Claims Administrator to place into the account set up to hold the Common Fund within fifteen (15) days following the entry of the Order Granting Preliminary Approval of Class Action Settlement in the manner specified in the Agreement.

7.      The Claims Administrator also shall conduct all administration of disbursements of the Prorated Settlement Amount and otherwise manage the Prorated Settlement Amount.  The Claims Administrator shall establish a toll-free phone number for Class Members to call to answer questions regarding their claims.

8.      The Claims Administrator shall ensure that the information that it receives from Defender and Class Members is secured and managed in such a way as to protect the security and confidentiality of the information, consistent with the privacy policies of Defender as well as applicable law.  Except as specifically provided in the Settlement Agreement, the Claims Administrator will not disclose or disseminate any information that it receives from Defender and Class Members to anyone, without the prior written consent of all Parties.

9.      No later than twenty (20) days of this Order, Defender shall compile a list (the "Class List") from information reasonably in its possession of each of its current, prospective, and former customers who has a last known address or telephone number in California and who Defender has identified as having made a telephone call to, or received a telephone call from, Defender between July 25,

4.

2011 and June 1, 2013 (the "Class Period"), and shall provide such Class List to the Claims Administrator.  This Class List shall include: (a) name (if available); (b) last known mailing address (if available); and (c) telephone number (if available). Defender will provide the  telephone number of those potential Class Members for which Defender does not have a name or mailing address to the Class Administrator for the purpose of permitting the Class Administrator to ascertain that Class Member's mailing address.

10.     No later than thirty (30) days after receipt of the Class List, the Claims Administrator shall mail the Short Form Class Notice to the last known mailing address of each person on the Class List for whom an address was provided

11.     With respect to those customers whose Short Form Notice by regular mail is returned to the Claims Administrator as undeliverable, the Claims Administrator shall promptly attempt to obtain an updated address for that customer, and if such an address is obtained, shall resend the Short Form Notice to that updated address

12.     No later than thirty (30) days after the date of this Order, notice also will be provided by publication of the Class Notice on the Settlement Website and the Short Form Class Notice in the California edition of *USA Today* for at least a period of two days and an advertisement size of at least 1/4 of a page, which shall include the web address of the Claims Administrator's website, with the Class Notice and where the Claim Form may be accessed, filled out, and submitted.

13.     No later than thirty (30) days after the second day of publication of the Short Form Notice in the California edition of *USA Today*, the Claims Administrator shall provide Defense Counsel and Class Counsel with a declaration attesting to completion of the publication notice process and the individual notice process (except for any ongoing attempt to obtain and verify valid mailing addresses for, and the re-sending of, any returned notices of the Class Settlement). Class Counsel shall file this declaration with the Court in connection with its

5.

motion for final approval of the settlement

14.     Any person may request to be excluded from the Class by mailing a letter, by first class mail to the Claims Administrator, containing a statement that he or she requests to be excluded from the Class.  Any such request must be made in accordance with the terms set forth in the Class Notice and will be timely only if postmarked no later than ninety (90) days after this Order (said period being the "Exclusion Period").

15.     No later than five (5) days after the Exclusion Period, the Claims Administrator shall provide Defense Counsel and Class Counsel with a list of the names of all Class Members who have requested exclusion from the Class.  Within fifteen (15) days after the later of (1) Effective Date, (2) the end of the Claim Period, or (3) the resolution of all disputes over individual settlement amounts or Authorized Claimants (including Defender's option to research the claims as provided in Section 8.4 of the Agreement), the Claims Administrator will provide a list ("Final List of Individual Settlement Amounts") to Class Counsel and Defense Counsel showing the name, address, and individual settlement amounts for each Authorized Claimant who will receive settlement proceeds from the Settlement Amount.

16.     If more than two hundred (200) Class Members request exclusion from the Class within the Exclusion Period, Defender shall have the option to terminate the Settlement Agreement and the settlement proceedings, and this Order shall be null and void and the settlement of no force and effect.  The notice of termination shall be promptly filed with the Court by counsel for Defender.  If Defender notifies Class Counsel that it has elected to terminate the Agreement, Class Counsel may attempt to cause retraction of any elections of exclusion by a Class Member(s).  If Class Counsel, prior to the date of the Final Fairness and Approval Hearing, succeeds in causing retraction of sufficient requests for exclusion such that the number of exclusions no longer exceeds two hundred (200),

6.

1    Defender's notice of withdrawal shall be a nullity.

2         **17.** In order to be an Authorized Claimant entitled to settlement funds, the

3    Claim Form must be electronically submitted or postmarked by mail to the Claims

4    Administrator no later than ninety (90) days after Preliminary Approval ("Claim

5    Period"). The Court approves the form of the Claim Form attached to the

6    Settlement Agreement as Exhibit A, and the information requested therein.

7    Defender shall have no liability to Class Members or any other persons, for any acts

8    performed in accordance with the terms of the Settlement Agreement, including,

9    but not limited to, the requirement that Class Members provide information in order

10   to qualify as Authorized Claimants as set forth in the Claim Form.

11        **18.** Class Counsel shall file a motion for final approval of settlement no

12   later than one hundred and ten (110) days after the date of this Order. Class

13   Counsel shall also file any papers supporting its request for attorneys' fees and

14   costs, and the Class Representative's service payment with the Court at least

15   fourteen (14) days prior to the deadline for Class Members to object to the

16   Settlement. The application for attorneys' fees and costs shall be posted on the

17   website of the Claims Administrator so that it may be reviewed and printed out by

18   any member of the Class.

19        **19.** Any Class Members wishing to object to the approval of the

20   Settlement or the award of attorneys' fees and reimbursement of expenses to Class

21   Counsel or the Class Representative's service payment ("Objecting Class

22   Members") shall no later than ninety (90) days after the date of the Court's Order

23   granting preliminary approval of the settlement, file a written objection with this

24   Court, and deliver upon Class Counsel and Defense Counsel at the addresses below,

25   such written objection and copies of any papers and briefs desired to be considered

26   by the Court, together with proof of membership in the Settlement Class in the

27   manner set forth in the Class Notice. The delivery date is deemed to be the date the

28   objection is deposited in the U.S. Mail as evidenced by the postmark.

PRELIMINARY APPROVAL AND PROVISIONAL CLASS CERTIFICATION ORDER

**Class Counsel:**

Zev B. Zysman
Law Offices of Zev B. Zysman, APC
15760 Ventura Boulevard, Suite 1915
Encino, CA  91436


Jordan L Lurie
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, CA 90067

**Defense Counsel:**

Kevin D. Rising
Levi W. Heath
Devin Stone
BARNES & THORNBURG LLP
2049 Century Park East, Suite 3550
Los Angeles, CA 90067

Any Class Member who has filed and served such written objections may, but is not required to, appear himself or herself, or through counsel, at the Final Fairness and Approval Hearing, to object to the approval of the Settlement, the award of attorneys' fees and reimbursement of expenses to Class Counsel, or the Class Representative's service payment.   However, Class Members, or their attorneys, intending to make an appearance at the Final Fairness and Approval Hearing, must also deliver to Class Counsel and Defense Counsel, and file with the Court, a Notice of Intention to Appear no later than ninety (90) days after the date of the Court's Order granting preliminary approval of the settlement. Only Class Members who file and serve timely Notices of Intention to Appear may speak at the Final Fairness and Approval Hearing

**20.**     Any settlement Class Member who does not make his, her or its objection(s) in the manner so provided herein and in the Class Notice shall be

8.

1   deemed to have waived such objection(s) and shall forever be foreclosed from

2   making any objection(s) to the fairness or adequacy of the proposed Settlement as

3   incorporated in the Settlement Agreement, the award of attorneys' fees and

4   reimbursement of expenses to Class Counsel, or the Class Representative's service

5   payment, and the right to appeal any orders that are entered relating thereto, unless

6   otherwise ordered by the Court.

7        **21.**     The Court reserves the right to adjourn the date of the Final Fairness

8   and Approval Hearing and any adjournment thereof may be without further notice

9   to the members of the Class, and retains jurisdiction to consider all further

10  applications arising out of or connected with the settlement.   The Court may

11  approve the settlement, with such modifications as may be agreed to by the parties

12  to the settlement, if appropriate, without further notice to the Class.

13

14  Dated: October 28, 2013

15                              Hon. Christina A. Snyder
                                United States District Court Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

9.